Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada., <br><br> Defendants. | Case No.: 3:25-cv-00129 <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW, ERICA BLUTH ("Bluth") and LAVORIA WILSON ("Wilson") (collectively "Plaintiffs"), by and through the undersigned counsel, and file the following

complaint seeking redress for the violation by TYLER MICHAEL BAEHR ("Baehr") and the CITY OF RENO, a political subdivision of the State of Nevada, of Plaintiffs' rights to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 18 of the Nevada Constitution.

**Jurisdiction**

1. This action arises under 42 U.S.C. § 1983 and the Nevada Constitution.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 1367, 2201 and 42 U.S.C. Sections 1983 and 1988.

3. The Court has personal jurisdiction over the Defendants because the alleged incidents described below occurred within this District.

**Venue**

4. Venue is proper pursuant to 28 U.S.C. Section 1391 in the District of Nevada because the acts giving rise to the Plaintiffs' claims occurred in this District.

**Parties**

5. Bluth currently, and at all relevant times, resided in Reno, Nevada.

6. Wilson currently, and at all relevant times, resided in Stockton, California.

7. Baehr was, at all relevant times, a Police Officer employed by the City of Reno.

8. Baehr was at all times relevant herein acting under color of state law as described below.

9. Baehr is sued in his individual capacity.

10. At all times relevant hereto, Baehr was acting within the scope of his employment with the City of Reno at the time of the incidents complained of herein.

11. Defendant City of Reno is a political subdivision of the state of Nevada and a municipal corporation, duly organized and existing under the laws of the State of Nevada.

12. Under its authority, the City of Reno operates the Reno Police Department ("RPD").

**Statement of Facts - Bluth Incident**

13. On New Year's Eve 2023, Bluth was pulled over by Defendant Baehr, a Reno Police Officer in Reno, Nevada.

14. During the traffic stop, Baehr took Bluth's cell phone to his patrol vehicle for approximately 10 minutes after Bluth provided proof of insurance.

15. Following the traffic stop, Baehr asked Bluth for her phone number and asked if he could call her.

16. Bluth felt obligated to engage in text communication with Baehr due to his position of authority, and met him once for coffee around February 10, 2024, during which he showed up in uniform and made various comments and innuendos that made Bluth feel uncomfortable.

17. On September 4, 2024, two detectives from the Sparks Police Department visited Bluth at her parents' home. During this visit, the detectives showed Bluth multiple personal and intimate videos and images of Bluth that were stored on her personal phone that appeared to have been photographed from another device.

18. Bluth never sent these images and videos to Baehr, leading her to believe that Baehr accessed and copied these images from her phone without her knowledge or consent during the New Year's Eve 2023 traffic stop.

**Statement of Facts - Wilson Incident**

19. On August 12, 2024, Wilson was subjected to similar conduct by Baehr during a traffic stop in Reno, Nevada.

20. Wilson was driving by the Reno Police Station near 2nd St when she was pulled over by Baehr.

21. Baehr indicated that he pulled over Wilson because Wilson had a temporary registration tag.

22. During this traffic stop, Baehr took possession of Wilson's cell phone under similar pretenses as Bluth, i.e. under the pretext that Baehr would obtain information about her car insurance.

23. During the seizure, while alone in his police vehicle with Ms. Wilson's cell phone, Baehr accessed and viewed Wilson's personal information, including sexually explicit videos of her and intimate photographs, without consent or legal justification.

24. Baehr's viewing of her phone included looking through her personal text messages and through her Snapchat account.

25. After asking questions unrelated to the stop, including asking her if she had any illegal items in her vehicle, Baehr let Wilson go without issuing a citation, deceptively justifying the duration of the seizure by claiming difficulties looking up her information.

26. In early to mid September 2024, Wilson was contacted by a Sparks Police Officer who conducted an interview of Wilson and informed her that her personal information had been viewed by Baehr during the August traffic stop.

27. As with the Bluth incident, Baehr's actions constituted an unreasonable search and seizure of Wilson's private property and personal information.

## First Cause of Action

## Violation of Fourth Amendment Rights Under 42 U.S.C. § 1983

### (Against Baehr)

28. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though fully set forth herein.

29. As a direct and proximate result of the unlawful seizure and search of their phones, Plaintiffs suffered and continue to suffer severe mental anguish and emotional trauma in connection with the deprivation of their constitutional rights guaranteed by the Fourth Amendment of the Constitution.

30. Under the totality of the facts and circumstances, a prudent person would not have concluded that there was any fair probability that inspection or copying of Plaintiffs' personal phone contents was necessary or legally justified.

31. Baehr's seizure and search of Plaintiffs' phones violated the Fourth Amendment because it was objectively unreasonable and without probable cause, as the phones and their contents had no relation to any legitimate law enforcement purpose during routine traffic stops.

32. At the time of both incidents, the right to be free from unreasonable searches and seizures of cell phones and their contents was a clearly established Constitutional right.

33. Baehr acted unreasonably and with reckless disregard for Plaintiffs' clearly established constitutional rights by: Taking possession of their phones under

the pretext of official business; Exceeding any legitimate scope of examination of the phones; With respect to Plaintiff Bluth, not just accessing and viewing but also copying private contents without authorization; and using his position of authority to obtain personal information for non-law enforcement purposes.

34. As a result of the acts described above, Baehr deprived Plaintiffs of their rights to be free from unlawful search and seizure, in violation of the Fourth Amendment to the Constitution of the United States, causing damages to Plaintiffs.

35. The acts of Baehr described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiffs to an award of punitive damages.

36. In addition to the relief requested above, the Plaintiffs request relief as described in the prayer for relief below.

**Second Cause of Action**

**Violation of Nevada Constitution Article 1, Section 18**

**(Against Baehr and the City of Reno)**

37. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though fully set forth herein.

38. Article 1, Section 18 of the Nevada Constitution guarantees the right of people to be secure in their persons, papers and effects against unreasonable searches and seizures.

39. Baehr's actions in accessing personal information from Plaintiff Wilson's phone without warrant, probable cause, or other legal justification and, with respect to Plaintiff Bluth, accessing and additionally copying personal information without

warrant, probable cause, or other legal justification, violated their rights under the Nevada Constitution.

40. As a direct and proximate result of these violations, Plaintiffs have suffered damages including but not limited to violation of their constitutional rights, invasion of privacy, emotional distress, and mental anguish.

### Third Cause of Action

### Intrusion Upon Seclusion

### (Against Baehr and the City of Reno)

41. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as though fully set forth herein.

42. Baehr intentionally intruded upon Plaintiffs' solitude and seclusion by: Taking physical possession of their cell phones under the pretext of official police business; Accessing private and intimate photographs and videos stored on their phones without authorization; With respect to Plaintiff Bluth, additionally creating copies of these private and intimate materials without consent; and Maintaining possession of these private materials for his personal use.

43. Plaintiffs had a reasonable expectation of privacy in the contents of their personal cell phones, particularly their private and intimate photographs and videos.

44. Baehr's intrusion would be highly offensive to a reasonable person, as it involved: Abuse of police authority to gain access to private information; Violation of trust placed in law enforcement; Copying of intimate and personal materials without consent; and use of a routine traffic stop to obtain unauthorized access to private information.

45. Through the doctrine of respondeat superior, Defendant City of Reno is liable as a principal for all torts committed by its employees and agents acting within the course and scope of their employment, including the misconduct by Baehr described above.

46. As a direct and proximate result of Baehr's intrusion upon their seclusion, Plaintiffs have suffered damages including but not limited to severe emotional distress, anxiety, humiliation, and mental anguish.

### Fourth Cause of Action

### 42 U.S.C. 1983 – *Monell* Claim for Failure to Train

### (Against The City of Reno)

47. Plaintiffs incorporate all preceding paragraphs as though each were fully set forth verbatim hereat.

48. As detailed in Plaintiffs' First Cause of Action, Baehr's actions in seizing and searching Plaintiffs' cell phones without warrant, probable cause, or legal justification, constituted unreasonable searches and seizures in violation of the Fourth Amendment. Baehr's conduct violated Plaintiffs' clearly established constitutional rights to be free from: a. Unreasonable seizure of their phones beyond the scope necessary to verify insurance; b. Unauthorized searches of private contents on their phones; c. With respect to Plaintiff Bluth, copying of private data without legal justification; and d. Use of law enforcement authority to obtain personal information for non-law enforcement purposes.

49. At all relevant times, Baehr was acting under color of state law as a police officer employed by the City of Reno Police Department.

50. The training policies of the City of Reno were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, specifically: a. Proper constitutional limitations on searching and seizing cell phones during traffic stops; b. Appropriate handling of citizens' personal property during routine police encounters; c. Constitutional requirements for accessing private information on personal devices; d. Professional boundaries during traffic stops and other police encounters; and e. Prohibition on using police authority to obtain personal information for non-law enforcement purposes.

51. The City of Reno was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately. This deliberate indifference is demonstrated by: a. The recurring nature of the misconduct, as evidenced by two separate incidents involving the same type of Fourth Amendment violation by the same officer; b. The obvious need for training on handling increasingly common situations involving cell phones and digital privacy during traffic stops; c. The clear foreseeability that officers would encounter situations requiring them to handle citizens' cell phones during routine traffic stops; d. The well-established constitutional jurisprudence regarding cell phone privacy rights; and e. The substantial risk that, without proper training, officers would violate citizens' Fourth Amendment rights when handling their cell phones and personal information.

52. The City's failure to provide adequate training caused the deprivation of Plaintiffs' Fourth Amendment rights by Baehr and played a substantial part in bringing about or actually causing injury to Plaintiffs, in that: a. Proper training would have informed officers that accessing and copying personal information from cell phones

during traffic stops without warrant or probable cause violates the Fourth Amendment; b. Adequate training would have prevented officers from exceeding the scope of legitimate law enforcement activities during traffic stops; c. Appropriate training would have established clear protocols for handling citizens' personal property and information; and d. Proper training would have prevented officers from using their authority to obtain personal information for non-law enforcement purposes.

53. The City of Reno's inadequate training policies amount to deliberate indifference to the Fourth Amendment rights of persons with whom its police officers come into contact, as the facts available to the City put it on actual or constructive notice that its failure to train adequately was substantially certain to result in constitutional violations.

54. As a direct and proximate result of the City of Reno's failure to train, Plaintiffs have suffered damages including violation of their Fourth Amendment rights, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

55. Plaintiffs have been required to retain the services of an attorney to pursue this action and are entitled to recover attorney's fees and costs incurred pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiffs request that this Court:

a. Enter a declaratory judgment that the actions complained of herein are unlawful and violate the United States Constitution and Nevada law.

b. Order Defendants to pay compensatory damages for the Plaintiffs' emotional distress and mental anguish, in amounts to be proven at trial;

c. Order Defendants to pay exemplary and punitive damages;

d. Order Defendants to pay attorneys' fees and costs of the action pursuant to 42 U.S.C. 1988;

e. Order Defendants to pay interest at the legal rate on such damages as appropriate; and

f. Grant any further relief that the Court deems just and proper.

Dated: Mar 5, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiffs*