KARL S. HALL
Reno City Attorney
PETER K. KEEGAN
Deputy City Attorney
Nevada State Bar No. 12237
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for the City of Reno*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER BAEHR, an individual, and THE CITY OF RENO, a political subdivision of the State of Nevada,<br><br>Defendants. | CASE NO.: 3:25-cv-00129-ART-CSD<br><br>**CITY OF RENO'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

Defendant, the City of Reno (" the City"), by and through its attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Peter Keegan, hereby responds, on its behalf only, to the allegations in Plaintiff's Complaint for Damages and Declaratory Relief [ECF No. 1], filed on March 5, 2025, by admitting, denying, and averring as follows:

**Jurisdiction & Venue**

1. Paragraphs 1, 2, 3, and 4 state legal conclusions to which no response is required. To the extent a response is required, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

/ / /

/ / /

### Parties

2. Answering paragraphs 5 and 6, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

3. Answering paragraph 7, the City admits Tyler Baehr was employed as a Police Officer by the Reno Police Department beginning on or about April 22, 2019, until October 7, 2024. The City denies all remaining allegations set forth in said paragraph 7.

4. Answering paragraphs 8 and 10, the City denies all allegations set forth therein.

5. Answering paragraphs 9, 11, and 12, the City admits the allegations contained therein.

### Bluth Incident

6. Answering paragraphs 13, 14, 15, 16, 17, and 18, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

### Wilson Incident

7. Answering paragraphs 19, 20, 21, 22, 23, 24, 25, 26, and 27, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

### First Cause of Action

### Violation of Fourth Amendment Rights Under 42 U.S.C. § 1983

8. Answering paragraph 28, the City incorporates all its foregoing answers to Plaintiff's Complaint as though fully set forth herein.

9. Answering paragraphs 29, 30, 31, 32, 33, 34, 35, and 36, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

///
///
///

## Second Cause of Action

### Violation of Nevada Constitution Article 1, Section 18

10. Answering paragraph 37, the City incorporates all its foregoing answers to Plaintiffs' Complaint as though fully set forth herein.

11. Answering paragraph 38, the City admits Article 1, Section 18 of the Nevada Constitution states "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized." The City denies all remaining allegations contained in paragraph 38.

12. Answering paragraphs 39 and 40, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies the same.

## Third Cause of Action

### Intrusion Upon Seclusion

13. Answering paragraph 41, the City incorporates all its foregoing answers to Plaintiffs' Complaint as though fully set forth herein.

14. Answering paragraphs 42, 43, 44, and 46, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies the same.

15. Answering paragraph 45, the City denies all allegations contained therein.

## Fourth Cause of Action

### 42 U.S.C. 1983 – *Monell* Claim for Failure to Train

16. Answering paragraph 47, the City incorporates all its foregoing answers to Plaintiffs' Complaint as though fully set forth herein.

17. Answering paragraph 48, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies the same.

18. The City denies all allegations set forth in paragraphs 49, 50, 51, 52, 53, 54, and 55.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

19. With regard to all parts of the Complaint alleged, or based, on (a) unstated, unknown or unascertainable information, (b) speculation, (c) vague or ambiguous assertions, (d) musings, (e) news and media reports/presentations, (f) unknown or unverifiable sources, (g) alleged quotations, (h) Plaintiffs' characterizations, (i) the interpretations of statements, (j) assertions which are part of unstated thoughts, opinions or ideas, (k) compound and/or intermixed assertions, (l) amendment of the Complaint, (m) intentions, (n) potential future actions, (o) allegations made upon information or belief, (p) paragraphs which are not limited to a single set of circumstances as required by NRCP 10(b) so as to be unclear, (q) interpretation of the law, (r) allegations for which inadequate context is provided, (s) disallowed claims, and/or (t) statements and/or allegations the City does not understand, the City is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the same.

20. To the extent not indicated elsewhere in this Answer, the City denies all allegations of wrongdoing, liability and responsibility for damages.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted against the City.

2. The City has immunity, including but not limited to qualified, discretionary, and good faith immunity, from the claims of the Plaintiffs.

3. The City is immune from this action and any liability pursuant to Nevada Revised Statutes Chapter 41, including but not limited to Nevada Revised Statute 41.032.

4. Plaintiffs' claims are barred because they failed to mitigate their damages.

5. At all times relevant to this action, the City acted in a manner which was reasonable and necessary under the circumstances.

6. Plaintiffs' alleged damages were caused by the conduct of independent intervening causes and third parties over which the City has no influence or control. The City is neither responsible nor liable for such independent causes and actions.

7. Plaintiffs' alleged damages were directly, proximately and legally caused by their own intentional and/or negligent actions.

8.     All actions taken by the City were reasonable, proper, legal, and justified, and therefore cannot form a basis for liability.

9.     Any award of damages to any Plaintiff from the City for state law claims, if any, is limited by the provisions of NRS 41.035 as they existed at the time of the alleged injury incident.

10.    No act or omission of the City was a substantial factor in bringing about the damages alleged by Plaintiffs, nor was any act or omission a contributing cause thereof. Any alleged act or omission of the City was superseded or preceded by the acts or omissions of others, which were the independent, intervening, legal and proximate cause of the damages alleged by Plaintiffs.

11.    Plaintiffs may not recover punitive damages against the City pursuant to NRS 41.035, the due process clauses of the United States and Nevada Constitutions and other applicable law.

12.    The City's actions were reasonable and made in compliance with all laws governing such actions; therefore, no liability for violation of the law can exist.

13.    If any liability is found against the City on state law claims, the City is liable only for its apportioned amount under NRS 41.141, and as limited under other applicable laws.

14.    Plaintiffs' claims and any alleged damages are based upon impermissible and inadmissible speculation.

15.    Some or all of Plaintiffs' claims are barred by the doctrines of *res judicata* and/or *collateral estoppel*.

16.    No Plaintiff may recover more than once for the same loss, nor recover more than the total loss it can prove. Plaintiffs may not recover duplicative damages.

17.    Plaintiffs have waived and/or released some or all of their claims against the City.

18.    Plaintiffs' claims are barred to the extent they occurred outside the limits of the statute of limitations.

19.    The City did not violate any constitutional rights of any Plaintiff.

20.    Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the

1  City's answer, and therefore the City reserves the right to amend this answer to allege additional
2  affirmative defenses, third-party claims, and/or cross-claims if subsequent investigation warrants.
3       21.   The City hereby incorporates by reference those affirmative defenses enumerated
4  in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further
5  investigation or discovery reveals the applicability of any such defenses, the City reserves the right
6  to seek leave of court to amend its answer to specifically assert any such defense(s). Such defenses
7  are herein incorporated by reference for the specific purpose of not waiving such defenses.

Wherefore, the City prays for judgment as follows:

1. For judgment in its favor, and against Plaintiffs on all claims and defenses of the parties;

2. For an award of all costs and attorney's fees incurred; and

3. For any additional or further relief this Court may deem just and proper.

**AFFIRMATION**

The undersigned does hereby affirm that the preceding document filed in this court does not contain the social security number of any person.

DATED this 28th day of March 2025.

            KARL S. HALL
            Reno City Attorney


By: */s/ Peter Keegan*
    PETER K. KEEGAN
    Deputy City Attorney
    Nevada State Bar No. 12237
    Post Office Box 1900
    Reno, Nevada 89505
    *Attorneys for the City of Reno*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this day, I served a copy of on the foregoing document(s) on the party(s) set forth below by:

\_\_\_\_\_  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and addressed as follows:

\_\_\_\_\_  Personal delivery.

__X__  CMECF electronic service.

\_\_\_\_\_  Federal Express or other overnight delivery.

\_\_\_\_\_  Reno/Carson Messenger Service.

addressed as follows:

| Luke Busby, Esq. | Lauren Gorman, Esq. |
| --- | --- |
| 316 California Ave. | 275 Hill Street, Ste 248 |
| Reno, NV 89509 | Reno, NV 89501 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

DATED this __28th__ day of March 2025.

  /s/ Terri Strickland  
Terri Strickland  
Legal Assistant