Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada.,<br><br>    Defendants. | Case No.: 3:25-cv-00129 ART-CSD<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

Plaintiffs ERICA BLUTH and LAVORIA WILSON, by and through their counsel, respectfully move this Court for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to safeguard confidential and sensitive information obtained during

discovery in this case. This motion is supported by the following memorandum of points and authorities, the accompanying declarations, and the record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises from the alleged unconstitutional and tortious conduct of Defendant Tyler Baehr, a Reno Police Officer, who, during routine traffic stops, surreptitiously accessed and, in Plaintiff Bluth's case, copied private and intimate materials from Plaintiffs' cell phones without consent or legal justification. These actions violated Plaintiffs' Fourth Amendment rights, Article 1, Section 18 of the Nevada Constitution concede that this is a serious matter requiring discovery of highly sensitive materials, including personal and intimate images and videos, which are central to Plaintiffs' claims of invasion of privacy and emotional distress. The sensitive nature of these materials necessitates a protective order to prevent further dissemination and protect Plaintiffs' privacy during the litigation process.

Plaintiffs have made good-faith efforts to negotiate a stipulated protective order with Defendants, as evidenced by the email correspondence and proposed protective order sent to Defendant City of Reno's counsel on April 14, 2025, and follow-up communications on April 21, 2025. Despite these efforts, the City of Reno has unreasonably refused to stipulate, citing a potential motion to stay the case as a pretext for delay, thereby necessitating this motion.

///

///

///

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. The court has broad discretion to determine whether a protective order is warranted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). In evaluating the need for a protective order, the court considers the nature of the information at issue and the potential harm from its disclosure. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In the Ninth Circuit, the presumption of public access to court records, as articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), requires a party seeking to seal documents to demonstrate "compelling reasons" for dispositive motions or a "good cause" standard for non-dispositive motions, such as discovery-related documents. Id. at 1179-80. The court must balance the public's right to access against the private interests in confidentiality, considering factors such as the sensitivity of the information and the potential for harm. Id. at 1180-81.

## III. ARGUMENT

### A. Good Cause Exists for a Protective Order Due to the Sensitive Nature of the Materials

The discovery in this case will involve highly sensitive and private materials, including intimate images and videos allegedly accessed and/or copied by Defendant Baehr without Plaintiffs' consent. These materials are central to Plaintiffs' claims under 42 U.S.C. § 1983, the Nevada Constitution, and for intrusion upon seclusion, as they

demonstrate the extent of the privacy invasion and resulting emotional distress. The surreptitious nature of Baehr's alleged actions—accessing private content under the pretext of official police business—heightens the need for confidentiality to prevent further victimization of Plaintiffs.

Disclosure of these materials without restriction risks severe embarrassment, humiliation, and emotional distress to Plaintiffs, who have already suffered significant trauma from Baehr's alleged misconduct. The Ninth Circuit has recognized that protecting personal privacy constitutes a compelling reason to limit public access, particularly when the information involves "private and intimate details" that could cause harm if disclosed. *Kamakana*, 447 F.3d at 1180. Here, the intimate nature of the materials, combined with the allegations of abuse of authority, satisfies the good cause standard under Rule 26(c) and aligns with Kamakana's recognition of privacy as a compelling interest.

Moreover, the proposed protective order (attached as Exhibit 1) is narrowly tailored to balance confidentiality with the needs of litigation. It permits designation of materials as "confidential," restricts disclosure to specific categories of individuals (e.g., counsel, experts, and court personnel), and requires a certification of compliance. It also includes procedures for challenging designations and filing under seal, consistent with Local Rule IA 10-5 and *Kamakana's* requirement that sealing requests overcome the presumption of public access. This structure ensures that sensitive materials are protected without unduly restricting the litigation process.

**B. The City of Reno's Refusal to Stipulate Is Unreasonable and a Delay Tactic**

Plaintiffs have acted in good faith to negotiate a stipulated protective order, as required by Federal Rule of Civil Procedure 26(f). On April 14, 2025, Plaintiffs' counsel sent a draft protective order and discovery plan to Defendant City of Reno's counsel, Peter Keegan, for review. Despite initial discussions during the Rule 26(f) conference, where the City raised no substantive objections to the protective order's terms, the City failed to respond to the draft. On April 21, 2025, Plaintiffs' counsel followed up, requesting confirmation of the City's consent to the protective order and discovery plan, again receiving no response until April 22, 2025.

In its belated response, the City objected to the protective order and discovery plan, citing its intent to seek a stay pending the outcome of a related criminal case against Baehr (Case No. 3:25-CR-00002-MMD-CSD). This objection is unreasonable and appears designed to delay discovery and resolution of this civil matter. The City's stated intent to seek a stay does not negate the immediate need to protect sensitive materials during discovery, which is likely to commence regardless of a potential stay, given the distinct nature of civil and criminal proceedings.

The City's refusal to stipulate, despite Plaintiffs' good-faith efforts, forces Plaintiffs to incur unnecessary expense and delay in seeking this Court's intervention. The proposed protective order is standard in cases involving sensitive personal information and aligns with federal and local rules. The City's objection lacks a substantive basis and appears to be a strategic maneuver to hinder Plaintiffs' ability to pursue their claims efficiently.

///

**C. The Protective Order Will Not Prejudice Defendants or the Public Interest**

The proposed protective order does not prejudice Defendants, as it applies equally to all parties and non-parties producing confidential information. It allows Defendants to designate their own materials as confidential, ensuring mutual protection. The order also preserves Defendants' ability to challenge designations and seek court intervention, maintaining fairness in the discovery process.

The public interest is not undermined by the protective order, as it pertains to discovery materials, which are not subject to the same presumption of access as dispositive filings. *Kamakana*, 447 F.3d at 1179. The order ensures that sensitive materials remain confidential during litigation, while still allowing their use at trial, subject to further court oversight. This approach protects Plaintiffs' privacy without compromising the judicial process or public access to the case's ultimate resolution.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and enter the proposed protective order (Exhibit 1) to safeguard the confidential and sensitive materials at issue in this case. The surreptitious nature of Defendant Baehr's alleged actions, the intimate content of the materials, and the potential for further harm to Plaintiffs establish good cause under Rule 26(c) and compelling reasons under *Kamakana*. The City of Reno's unreasonable refusal to stipulate further necessitates this Court's intervention to ensure fair and efficient discovery.

///

Dated:  Apr 23, 2025

By:  /s/ Luke Busby, Esq.

Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true

and correct copy of the foregoing by:

_____ personally delivering;
_____ delivery via Reno/Carson Messenger Service;
_____ sending via Federal Express (or other overnight delivery service);
_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
___x___   delivery via electronic means (fax, eflex, NEF, etc.) to:

> Peter K Keegan
> Reno City Attorney
> 1 East 1st Street
> Reno, NV 89510
> 775-220-1426
> Email: keeganp@reno.gov

Apr 23, 2025

By:  _/s/ Luke Busby, Esq._____

> Luke Busby, Esq.
> Nevada State Bar #10319
> 316 California Avenue
> Reno, Nevada 89509
> Phone (775) 453-0112
> luke@lukeandrewbusbyltd.com
> Attorney for the Plaintiff