1    KARL S. HALL
     Reno City Attorney
2    PETER K. KEEGAN
     Deputy City Attorney
3    Nevada State Bar No. 12237
     Post Office Box 1900
4    Reno, Nevada 89505
     (775) 334-2050
5    *Attorneys for the City of Reno*
6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11

12   ERICA BLUTH, an individual, and          **CASE NO.: 3:25-cv-00129-ART-CSD**
     LAVORIA WILSON, an individual,
13                                            **CITY OF RENO'S MOTION FOR STAY**
14                 Plaintiff,                 **OR IN THE ALTERNATIVE FOR STAY**
            vs.                               **OF DISCOVERY**
15

16   TYLER BAEHR, and individual, and THE
     CITY OF RENO, a political subdivision of
17   the State of Nevada,

18                 Defendants.

19

20

21         Defendant, the City of Reno ("the City"), by and through their attorneys, Reno City

22   Attorney Karl S. Hall and Deputy City Attorney Peter Keegan, hereby submit the instant Motion

23   for Stay. This Motion is based upon the following Memorandum of Points and Authorities.

24                 **MEMORANDUM OF POINTS AND AUTHORITIES**

25   **I.      INTRODUCTION**

26         On March 6, 2025, Plaintiffs filed their Complaint for Damages and Declaratory Relief

27   (ECF No. 1) in this case alleging Defendant Tyler Baehr ("Defendant Baehr"), a former law

28   enforcement officer with the Reno Police Department and employee of the City, performed

pretextual traffic stops of Plaintiffs Erica Bluth and Lavoria Wilson (collectively "Plaintiffs") for the improper and malicious purpose of harassing Plaintiffs and accessing personal and private information on their cell phones.[1] Plaintiffs  Complaint sets forth the following causes of action against Defendant Baehr and the City: (1) Violation of Fourth Amendment Rights Under 42 U.S.C. § 1983 (Against Defendant Baehr); (2) Violation of Nevada Constitution Article 1, Section 18 (Against Defendant Baehr and the City); (3) Intrusion Upon Seclusion (Against Defendant Baehr and the City); and (4) 42 U.S.C. 1983 –*Monell* Claim for Failure to Train (Against the City).[2]

On March 28, 2025, the City filed its Answer (ECF No. 6) and denied all claims against it. On April 23, 2025, Plaintiffs filed their Motion for Protective Order (ECF No. 11). On April 30, 2025, the City filed its Motion for Judgment on the Pleadings (ECF No. 16). On May 5, 2025, Plaintiffs filed their Motion for Discovery Dispute And on May 7, 2025, Defendant Baehr filed his Answer (ECF No. 20), wherein he invoked the protections of the Fifth Amendment and denied all claims.

The City files this Motion for Stay on two grounds. First, this Court should stay this matter pending the outcome of the criminal case pending against Defendant Baehr in Case No. 3:25-CR-00002-MMD-CSD because Defendant Baehr invoked the protections of the Fifth Amendment.[3] And because on balance, the five factors identified by the Ninth Circuit Court in *Keating v. Off. of Thrift Supervision*, weigh in favor of a stay.[4]

Second, if this Court is unwilling to stay this matter pending the outcome of the related criminal case, at a minimum, discovery should be stayed.  As set forth in the City's Motion for Judgment on the Pleadings (ECF No. 16), Plaintiffs' Complaint, as pleaded, entitles the City to statutory immunity for the second and third state law causes of action.[5] Additionally, no amount of discovery will give merit to the Plaintiffs' *Monell* claim in the fourth cause of action because Plaintiffs have exhaustively alleged that Defendant Baehr's actions were so unforeseeably

---

[1] Complaint (ECF No. 1 at 3-5 ¶¶ 13-27).
[2] *See id. generally* at pages 5-9.
[3] *See generally* Defendant Baehr's Answer to Complaint (ECF No. 20).
[4] *See infra* Section III.
[5] *See* City of Reno's Motion for Judgment on the Pleadings (ECF No. 16)

malicious and wholly independent of legitimate law enforcement purpose that no amount of training by the City could have prevented the harm Plaintiffs suffered. By the same virtue, because the City's Motion for Judgment on the Pleadings (ECF No. 16) is both meritorious and dispositive of the claims against City Defendants, no additional discovery is needed, and this case presents good cause to stay discovery under the "preliminary peek" test.

## II.    PROCEDURAL HISTORY OF RELATED LITIGATION

### A. Second Judicial District Case No. CV24-02408 – Petition for Writ of Mandamus

On September 24, 2024, Erica Bluth, through her counsel, Luke Busby, submitted a public records request to the City for all records and reports related to Spark's Police Case No. 24-6872. The request included body worn camera footage from involved officers, and communications between the City and City of Sparks. On October 15, 2024, the City denied Bluth's request for records due to the ongoing criminal investigation, concern about jeopardizing the defendant's Sixth Amendment guarantee of a fair trial, and risk of intruding upon the personal privacy interests of potential victims and witnesses.

On October 21, 2024, Erica Bluth filed her Ex-Parte Petition for Writ of Mandamus/Application for Order Per NRS 239.011, in Second Judicial District Court Case No. CV24-02408, which named both the City of Sparks and the City as Respondents.[6] Petitioner Bluth sought a Writ commanding the Respondent Cities to provide all records from Spark Police Case No. 24-6872. On October 24, 2024, the Court issued the Alternative Writ, ordering the Respondent Cities to provide the requested records or appear on November 20, 2024, to show cause.

On February 4, 2025, after briefing and an order to show cause hearing, the Court issued its Order Granting Application in Part Pursuant to NRS 239.011. The Court found that the Cities met the balancing test under *Donrey of Nevada, Inc. v. Bradshaw*, 106 Nev. 630, 636, 798 P.2d

---

[6] The City requests that the Court take judicial notice of the publicly available docket in Second Judicial District Court Case No. CV24-02408. A copy of the docket current as of May 7, 2025, is attached hereto as **Exhibit 1.** *Turner v. Reno Police Dep't*, No. 3:23-CV-00221-ART-CSD, 2025 WL 689004, at *1 (D. Nev. Mar. 4, 2025) *citing United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

144, 148 (1990) as well as the non-trivial privacy interest balancing test under *Clark Cnty. Sch. Dist. v. Las Vegas Rev. J.*, 134 Nev. 700, 707-08, 429 P.3d 313, 320 (2018) and therefore the Cities' denials of the Petitioner's public records requests were permissible under Nevada's Public Records Act. However, the Court then noted, due to Petitioner's status as an alleged victim, the cities were ordered to produce the responsive records which directly involved the Petitioner and to redact any information concerning other parties or that would thwart the criminal investigation.

On February 11, 2024, the City of Sparks filed its Motion for Stay of Enforcement Order, which was joined by the City, and opposed by Petitioner Bluth. On February 19, 2025, the Court issued its Order granting the stay.

On March 5, 2025, the City of Sparks filed its Notice of Appeal to the Supreme Court of Nevada of the Court's Order Granting in Part Plaintiff's Ex Parte Petitioner for Writ of Mandamus/Application for Order Pursuant to NRS 239.011. On March 10, 2025, Petitioner Bluth filed a cross-appeal of the district court's Order Granting Application in Part Pursuant to NRS 239.011, naming both Cities.

### B.  Nevada Supreme Court Appeal – Case No. 90244

On March 10, 2025, the City of Sparks filed its Docketing Statement. On March 12, 2025, Cross-Appellant Erica Bluth filed her Docketing Statement. After determining the appeal inappropriate for mediation, the Supreme Court reinstated briefing on April 3, 2024, allotting the parties 120 days to file opening briefs and 30 days for answering and reply briefs.[7]

### C.  Federal Criminal Case No. 3:25-CR-00002-MMD-CSD

On January 23, 2025, a Grand Jury Criminal Indictment was filed in Case No. 3:25-CR-00002-MMD-CSD against Defendant Baehr; he is charged with two counts of Depravation of Rights Under Color of Law in violation of 18 U.S.C. § 242 (ECF No. 1).[8] On February 6, 2025,

---

[7] The City requests that the Court take judicial notice of the publicly available docket in Nevada Supreme Court Case No. 90244. A copy of the docket current as of May 7, 2025, is attached hereto as **Exhibit 2.**

[8] The City requests that the Court take judicial notice of the publicly available docket in Case No. 3:25-CR-00002-MMD-CSD. A copy of the docket current as of May 7, 2025, is attached hereto as **Exhibit 3.** *Van Snowden v. Cazares*, 2015 WL 12859715, at *1, n. 2 (C.D. Cal. Dec. 15, 2015) (internal citations omitted) (taking judicial notice of court records of a criminal case before the same court, including the fact that a federal indictment was filed in the criminal case).

1   Defendant Baehr was arraigned and pled not guilty to the charges (ECF No. 8). The same day, the

2   parties in the criminal case filed a Joint Motion for Protective Order, which was granted by the

3   Court on February 7, 2025 (ECF No. 12). A jury trial is scheduled for November 4, 2025.

4   **III.**     **LEGAL STANDARD AND ARGUMENTS FOR STAY OF THIS CASE**

5         **A.**     **Legal Standards for Stay of Civil Proceeding Pending Parallel Criminal**

6                **Proceeding.**

7        The United States Supreme Court has acknowledged that "Federal Courts have deferred

8   civil proceedings pending the completion of parallel criminal prosecutions when the interests of

9   justice seemed to require such action ..."[9] However, Courts in this district have noted that "[t]he

10   Constitution does not generally require a stay of civil proceedings pending the outcome of criminal

11   proceedings, absent substantial prejudice to a party's rights."[10] Other Courts in this Circuit have

12   noted the "strongest case for granting a stay is where a party under criminal indictment is required

13   to defend a civil proceeding involving the same matter."[11] And "while the  extent to which a

14   defendant's Fifth Amendment rights are implicated is a significant factor to be considered, it is

15   only one consideration to be weighed against others."[12]

16        In *Keating v. Off. of Thrift Supervision*, the Ninth Circuit laid out five factors outside of

17   the Defendant's Fifth Amendment rights for courts to consider when evaluating a motion to stay

18   civil proceedings in the face of a parallel criminal case.[13] In its opinion, the *Keating* Court noted

19   that decisions whether to stay "should be made 'in light of the particular circumstances and

20   competing interests involved in the case.'"[14] The Court explained that in addition to a defendant's

21   Fifth Amendment rights, the decisionmaker should consider the following factors:

22            (1) the interest of the plaintiffs in proceeding expeditiously with this

23            litigation or any particular aspect of it, and the potential prejudice to
plaintiffs of a delay; (2) the burden which any particular aspect of

24            the proceedings may impose on defendants; (3) the convenience of

25

26   [9] *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970).

    [10] *S.E.C. v. Arvco Cap. Rsch., LLC*, No. 3:12-CV-00221-MMD, 2014 WL 65764, at *3 (D. Nev. Jan. 6, 2014) *citing*

27   *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

    [11] *See e.g. Square 1 Bank v. Lo*, No. 12-CV-05595-JSC, 2014 WL 7206874, at *1 (N.D. Cal. Dec. 17, 2014) *citing*
*S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010).

28   [12] *Square 1 Bank*, 2014 WL 7206874, at *1 *citing S.E.C. v. Alexander*, 2010 WL 5388000, at *3.

    [13] *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

    [14] *Id. citing Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 903 (9th Cir.1989).

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.[15]

**B.    A Stay of this Case Pending Resolution of Case No. 3:25-CR-00002-MMD-CSD Satisfies the *Keating* factors and Comports with Fed. R. Civ. P. 1.**

**1.    Plaintiffs' Interests in Proceeding Expeditiously with This Litigation Are Protected by a Stay and Plaintiffs' Rights Will not be Prejudiced by Thereby.**

Plaintiffs filed their Complaint for Damages and Declaratory Relief (ECF No. 1) on March 5, 2025, approximately 6 months after Plaintiffs were contacted by the Sparks Police Department in September of 2024, regarding Defendant Baehr's alleged possession of their personal information.[16] Undoubtedly, Plaintiffs have a strong interest in promptly recovering their losses and preserving evidence that is critical to this action. However, a stay of this matter pending the outcome of Defendant Baehr's criminal jury trial, scheduled for November 4, 2025, will expedite, rather than delay, a determination of whether Plaintiffs' Fourth Amendment constitutional rights were violated by Defendant Baehr's actions.[17] Given that Defendant Baehr's criminal trial will likely be completed before discovery in this matter, Plaintiffs will not suffer any prejudice from a stay pending the outcome of Case No. 3:25-CR-00002-MMD-CSD.[18] The City submits that staying this action would actually aid Plaintiffs through identification of witnesses called and evidence admitted in Defendant Baehr's criminal trial.

Moreover, because the Department of Justice's criminal case against Defendant Baehr is on track to resolve constitutional issues identical to, and therefore determinative of the civil causes of actions raised by Plaintiffs' Complaint for Damages and Declaratory Relief (ECF No. 1), the

---

[15] *Keating*, 45 F.3d at 324–25 *citing Molinaro,* 889 F.2d at 903.

[16] *See* (ECF No. 1 at 3 ¶ 17; 4 ¶ 26).

[17] *See* Exhibit 3 – Docket Case No. 3:25-CR-00002-MMD-CSD (ECF No. 15).

[18] As of the filing of this Motion to Stay, Discovery has not commenced because the City has objected pursuant to Fed. R. Civ. P. 26(a)(1)(C), *see* (ECF No. 10 at 2:9-12); (ECF No. 14 at 1-2:28-4); and because no Joint Case Management Report or Proposed Discovery Plan and Scheduling Order has been filed due to a stipulated extension granted by the Court to accommodate Defendant Baehr's late appearance, *see* (ECF No. 13 at 2:4-6).

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

doctrine of Collateral Estoppel likely applies and bars relitigation.[19] Indeed, a comparison of civil causes of action herein to the charges Defendant Baehr is facing using the Ninth Circuit's four factor test for validating similarity of issues demonstrates the issues present here are "identical" for purposes of issue preclusion.[20]

To begin, the first two causes of action in Plaintiffs' Complaint for Damages and Declaratory Relief (ECF No. 1) allege federal and state Fourth Amendment Constitutional Rights violations against Defendant Baehr and have elements nearly identical to the 18 U.S.C. § 242 Depravation of Rights Under Color of Law charges against Defendant Baehr.[21]

Similarly, Plaintiffs' third cause of action alleging the state law tort of Intrusion Upon Seclusion is in essence a non-constitutionally based tort claim for violation the same privacy rights protected by the Fourth Amendment.[22] The only unique element of the Intrusion Upon Seclusion

---

[19] *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) ("A party invoking a defendant's prior criminal conviction as the basis for offensive preclusion must demonstrate: (1) the prior conviction was for a serious offense; (2) the issue at stake in the civil proceeding is identical to the issue raised in the prior criminal proceeding; (3) there was a full and fair opportunity to litigate the issue at the prior trial; and (4) the issue on which the prior conviction is offered was actually litigated and necessarily decided at trial.").

[20] *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828–29 (9th Cir. 2018)

> We typically look to four factors (sometimes referred to as the Restatement factors) to determine whether two issues are "identical" for purposes of issue preclusion:
>> (1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
>> (2) Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
>> (3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
>> (4) How closely related are the claims involved in the two proceedings?)

*citing Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) ("These factors are not applied mechanically."); *see* Restatement (Second) of Judgments § 27 cmt. c (Am. Law Inst. 1982).

[21] *Compare* Case No. 3:25-cv-00129, First, Second, and Third Causes of Action (ECF No. 1 at 5-7) *with* Case No. 3:25-CR-00002-MMD-CSD, Counts One and Two (ECF No. 1 at 1-2), ((1) there is substantial overlap in the evidence because the claims in both cases arise from the same operative facts and require proof of a Fourth Amendment violation; (2) the Department of Justice ("DOJ") must prove beyond a reasonable doubt that Baehr "willfully deprived Plaintiffs of their right to be free from unreasonable search and seizure," which is sufficient to demonstrate he intentionally deprived Plaintiffs of their constitutional rights or was the "proximate cause" of said deprivations; (3) the DOJ's prosecution of Baehr involves the same Fourth Amendment Constitutional violations alleged in Plaintiffs' civil action and therefore must reasonably be expected to encompass the same pretrial discovery and preparation; (4) the constitutional nature of the civil causes of action alleged by Plaintiffs' Complaint are nearly identical to the charges brought by the DOJ.).

[22] *See* analysis *supra* note 22; *see also People for Ethical Treatment of Animals (PETA) v. Bobby Berosini, Ltd.*, 111 Nev. 615, 895 P.2d 1269, 1279 (1995) (The elements of the tort of intrusion upon seclusion are (1) intentional intrusion

1    tort claim not covered by the criminal charges is element requiring the intrusion be "highly

2    offensive to a reasonable person component," which can be demonstrated along with Plaintiffs'

3    alleged damages.

4         Plaintiffs' fourth cause of action, alleging a *Monell* violation against the City for failure to

5    train, also necessitates that an underlying constitutional violation be proven as its first element;

6    therefore, the outcome of the criminal action pending against Defendant Baehr will be

7    determinative of the first element of the fourth cause of action.[23]

8         Accordingly, the City submits that the first *Keating* factor weighs in favor of granting a

9    stay of this matter pending the outcome of Case No. 3:25-CR-00002-MMD-CSD because a

10   criminal verdict will be reached more expeditiously and will be outcome determinative of the

11   Plaintiffs' civil causes of action.

12                    **2.     The Burden Which Any Particular Aspect of the Proceedings May
                             Impose on the Defendants Weighs Heavily in Favor of Granting a Stay.**

13

14        The City is between a rock and a hard place. The City faces discovery obligations in this

15   case but is simultaneously seeking to avoid disclosure of sensitive evidence which may trample

16   upon Defendant Baehr's constitutional trial rights.[24] Additionally, the City wishes to avoid

17   conflicts with this Court's existing protective order in Case No. 3:25-CR-00002-MMD-CSD, to

18   which it is not a party.[25] In light of these variables, and because of the overlapping facts and

19   circumstances of these two cases, the burden that the instant civil action may impose on the City

20   and Defendant Baehr weighs heavily in favor of granting a stay.

21                    **3.     Convenience of the Court in the Management of Its Cases, and the
                             Efficient Use of Judicial Resources Weighs in Favor of Granting a Stay.**

22

23

24   _____

25   (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable
     person.).
     [23]*See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("To establish municipal liability under *Monell,*
26   [a plaintiff] must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the
     policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force
27   behind the constitutional violation.").
     [24] *See* Answer to Complaint (ECF No. 19) (Defendant Baehr has invoked the protections of the Fifth Amendment);
28   *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) (The Sixth Amendment of the United States Constitution guarantees all
     criminal defendants the right to a fair trial and an impartial jury.).
     [25] *See* Exhibit 3 – Docket Case No. 3:25-CR-00002-MMD-CSD - (ECF No. 12).

1    Allowing this civil action to continue while Defendant Baehr's parallel criminal

2  prosecution is pending would contravene the goals of Fed. R. Civ. P. Rule 1 and result in an

3  inefficient use of judicial resources. For example, if the Court denies the stay, then the Court will

4  likely have to resolve duplicative discovery disputes. [26] Further, as argued above, the likelihood

5  that nonmutual collateral estoppel will apply to Plaintiffs' four civil causes of action supports the

6  granting of a stay by the Court in the interests of judicial economy.[27] As such, this factor weighs

7  in favor of granting a stay of the entire action.

8         **4.    Interests of Persons Not Parties to the Civil Litigation do Not Weight**
              **For or Against Granting a Stay.**

9

10    The City contends that this factor is difficult to assess because the interests and number of

11  nonparties remain undefined. Courts have found this factor salient in the *Keating* analysis where

12  the nonparties at issue had a direct interest in the outcome of the litigation.[28] At least one court

13  noted that where nonparties with valid interests exist, and those nonparties may be provided

14  remedies, the nonparties' interests did not outweigh the defendant's interest in a stay.[29] Here, the

15  interests of nonparties could benefit in the same way Plaintiffs will benefit from a stay because of

16  the likelihood of an expedited outcome in Case No. 3:25-CR-00002-MMD-CSD. As such, the City

17  submits that this factor weighs neutrally in the balance.

18         **5.    Interest of the Public in the Pending Civil and Criminal Litigation**
              **Weighs in Favor of Granting a Stay.**

19

20    The public, the bar, and the Court have an interest in the orderly and proper administration

21

22

23  ───────────────

[26] *See* e.g. Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 10); Stipulation and Order to Extend Deadline for Joint Case Management Report (ECF No. 12); Plaintiffs' Motion for Protective Order (ECF No. 11); City of Reno's Proposed Discovery Plan and Scheduling Order (ECF No. 14); and Plaintiffs' Motion Regarding Discovery Dispute (ECF No. 17); *see also Gonzalez v. Cnty. of Merced, No. 116CV01682LJOSAB, 2017 WL 445719, at *11 (E.D. Cal. Feb. 1, 2017), report and recommendation adopted, No. 116CV01682LJOSAB, 2017 WL 1054786 (E.D. Cal. Mar. 21, 2017)*

[27] *See supra* Section B.1.

[28] *See, e.g., Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.,* No. 15-CV-02440-GPC, 2016 WL 2868698, at *5 (S.D. Cal. May 17, 2016) (finding third-party interest relevant where defendants' ongoing scheme impacted thousands of consumers directly).

[29] *See S.E.C. v. Alexander,* No. 10-CV-04535-LHK, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010) (Finding that the defendant's interest in a stay of the civil proceeding outweighed the valid interests of nonparties because even through a stay delay any recovery by the SEC that might be passed along to investors, such delay would not dimmish the likelihood of an eventual recovery).

24

25

26

27

28

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

of justice. Plaintiffs will certainly argue there is a strong public interest in protecting the right to a speedy resolution of civil actions, especially involving alleged violations of civil rights by a former police officer. And while the public and Plaintiffs do have an interest in ensuring that the victims are made whole as rapidly as possible, the stay in this matter is not expected to delay the outcome of this matter but instead will likely expedite the outcome because Defendant Baehr's criminal trial is scheduled for November 4, 2025. Therefore, this factor weighs in favor of granting a stay.

Accordingly, when the Court weighs the five *Keating* factors, the City submits that the balance tips in favor of granting a stay of this matter pending the outcome of the parallel criminal action pending against Defendant Baehr in Case No. 3:25-CR-00002-MMD-CSD.

## IV. LEGAL STANDARDS AND ARGUMENTS FOR STAY OF DISCOVERY

### A. A "Preliminary Peek" Analysis of the City's Motion for Judgement on the Pleadings Warrants A Stay of Discovery.

"The decision of whether to stay discovery is entrusted to the 'wide discretion' of the district court."[30] This wide discretion enables the court to efficiently stay discovery pending disposition of a dispositive motion.[31] "To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: A district court may. . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."[32] Immunity defenses raised in dispositive motion have been held to constitute "good cause" to issue a stay of discovery under the *Flynn* standard (the "preliminary peek test").[33]

Under the "preliminary peek" test a Magistrate Judge evaluates a dispositive motion to determine (1) whether the pending motion is fully dispositive in scope and effect (2) whether the dispositive motion is resolvable without additional discovery, and (3) whether the dispositive motion is meritorious and likely to prevail. [34] The "preliminary peek test" has been criticized because a Magistrate Judge and District Judge may have different views on the dispositive motion,

---

[30] *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024) citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).
[31] *Id*.
[32] *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989).
[33] *See Santacruz v. Daniels*, No. 2:23-CV-00258- APG-BNW, 2024 WL 4839748, (D. Nev. Nov. 20, 2024).
[34] *Flynn v. Nev.*, 345 F.R.D. 338, 344–45 (D. Nev. 2024).

which can needlessly lead to costly discovery, and inefficiently consume a Magistrate Judge's resources to review merits of the dispositive motion thereby duplicating efforts and delaying a decision on a stay.[35] However, the economy of granting stays of discovery in the face of meritorious dispositive motions remains consistent with the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."[36]

**B.    At a Minimum, This Court should Stay Discovery Pending Resolution of Case No. 3:25-CR-00002-MMD-CSD.**

The Plaintiffs' causes of action against the City can be decided without any discovery. The City's Motion for Judgment on the Pleadings (ECF No. 16) demonstrates that all of Plaintiffs' causes of action against it fail as a matter of law and no discovery can change that result. No additional discovery is needed to decide whether NRS 41.745's statutory employer immunity applies to the state law intentional tort claims against the City. Further, no amount of discovery, or amendment to Plaintiffs' complaint, can metamorphosize the alleged unforeseeably malicious and wholly independent actions of Defendant Baehr into a plausible *Monell* claim against the City for failure to train. Therefore, good cause exists to stay discovery in this matter pending resolution of the City's Motion for Judgment on the Pleadings (ECF No. 16).

///

///

///

///

///

///

///

///

///

---

[35] *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024).

[36] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (quoting Fed. R. Civ. P. 1).

## V.    CONCLUSION

The City respectfully requests this Court grant the instant Motion for a Stay in the interests of all parties and the interests of judicial economy. Alternatively, the City submits that good cause exists for this Court to grant a stay of discovery pending its ruling on the City's Motion for Judgment on the Pleadings (ECF No. 16).


DATED this 7th day of May 2025.

                                         KARL S. HALL
                                         Reno City Attorney


                                  By:   /s/ Peter Keegan
                                         PETER K. KEEGAN
                                         Deputy City Attorney
                                         Nevada State Bar No. 12237
                                         Post Office Box 1900
                                         Reno, Nevada 89505
                                         *Attorneys for the City of Reno*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this day, I served a copy of on the CITY OF RENO'S MOTION FOR STAY on the party(s) set forth below by:

_____        Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and addressed as follows:

_____        Personal delivery.

__X__        CMECF electronic service.

_____        Federal Express or other overnight delivery.

_____        Reno/Carson Messenger Service.

addressed as follows:

| | |
|---|---|
| Luke Busby, Esq. | Lauren Gorman, Esq. |
| 316 California Ave. | 275 Hill Street, Ste 248 |
| Reno, NV 89509 | Reno, NV 89501 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

DATED this 7<u>th</u> day of May 2025.

                                  _/s/ Terri Strickland_
                                    Terri Strickland
                                    Legal Assistant

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

1

**List of Exhibits**

2

3

| Exhibit No. | Document | Page Nos. |
|:---:|:---|:---:|
| 1 | Second Judicial District Court Docket - Case No. CV24-02408 | 8 |
| 2 | NV Sup. Ct. Docket - Case No. 90244 | 4 |
| 3 | NV. Dist. Ct. Docket - Case No. 3.25-CR-00002-MMD-CSD. | 5 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**