Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada., <br><br> Defendants. | Case No.: 3:25-cv-00129 ART-CSD <br><br> **PLAINTIFFS' REPLY TO DEFENDANT CITY OF RENO'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER** |

     Plaintiffs ERICA BLUTH and LAVORIA WILSON, through their counsel, submit this Reply to Defendant City of Reno's Opposition (ECF No. 23) to Plaintiffs' Motion for Protective Order (ECF No. 11). The City's opposition does not accurately reflect its prior conduct, engages in the same gamesmanship evident in its discovery practices, and

contains a factual inaccuracy regarding the filing date of its Motion to Stay. For these reasons, the Court should grant the protective order and award attorneys' fees to Plaintiffs.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The issue is whether the City's Opposition to the protective order, which claims the motion was unnecessary due to a lack of opposition in principle, is consistent with its conduct and justifies its refusal to stipulate. Federal Rule of Civil Procedure 26(c)(1) permits a court to issue a protective order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, provided the movant certifies good-faith efforts to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). The court has broad discretion to determine the necessity of such an order, balancing the sensitivity of the information and potential harm from disclosure. *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). For non-dispositive motions, such as those concerning discovery, a showing of good cause suffices to overcome the presumption of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Additionally, Rule 37(a)(5), incorporated by Rule 26(c)(3), allows the court to award reasonable expenses, including attorneys' fees, if a motion is granted, unless the opposing party's position was substantially justified. Fed. R. Civ. P. 37(a)(5).

The City's assertion that Plaintiffs' motion was unnecessary because it did not oppose a protective order in principle is inconsistent with the email communications and its conduct. The record shows Plaintiffs made good-faith efforts to negotiate a stipulated protective order, sending a draft to the City's counsel, Peter Keegan, on April

14, 2025, and following up on April 21, 2025, after receiving no response (ECF No. 23-1 at 2-3). The City's belated response on April 22, 2025, explicitly stated that "stipulation to a protective order is premature" pending the Court's ruling on its Motion to Stay (ECF No. 23-1 at 2).

    This refusal to stipulate forced Plaintiffs to file the motion, incurring unnecessary expense. The City's opposition now claims it did not oppose the protective order but merely sought to delay agreement until after the stay ruling (ECF No. 23 at 1). This position is untenable, as it effectively opposes the protective order by refusing to stipulate, compelling court intervention. Such tactics frustrate the purpose of Rule 26(f), which requires parties to confer in good faith to streamline discovery. The City's refusal to engage constructively, despite no substantive objections to the protective order's terms during the Rule 26(f) conference (ECF No. 11 at 5), demonstrates a pattern of delay akin to its refusal to produce the Draft Internal Affairs Investigation Report, as detailed in Plaintiffs' Motion Regarding Discovery Dispute (ECF No. 17). There, the City listed the report in its initial disclosures but withheld it, claiming a mere description sufficed despite the Plaintiffs explicit request for the document, despite Rule 26(a)(1)(A)(ii)'s requirement to provide a copy or accessible location (ECF No. 17 at 2). This parallel gamesmanship underscores the City's strategy to impede discovery, necessitating the motion for protective order to safeguard sensitive materials.

    The issue of attorneys' fees arises from whether the City's opposition lacks substantial justification, warranting an award under Rule 37(a)(5). Rule 37(a)(5) mandates that if a motion is granted, the court must award reasonable expenses, including attorneys' fees, unless the opposing party's position was substantially

justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5). A position is substantially justified if it has a reasonable basis in law and fact.

The City's opposition lacks such justification, as its refusal to stipulate was based on a speculative Motion to Stay, which it incorrectly claimed was filed on April 7, 2025 (ECF No. 23 at 2). The record confirms the Motion to Stay was filed on May 7, 2025 (ECF No. 22). Even if the stay motion were pending, it does not negate the immediate and obvious need to protect sensitive materials, such as intimate images and videos central to Plaintiffs' claims (ECF No. 11 at 3).

The protective order is narrowly tailored, allowing designation of confidential materials and restricting disclosure to specific parties, consistent with *Kamakana*'s requirement to balance privacy interests against public access (ECF No. 11 at 4). The City's opposition, by contrast, serves no legitimate purpose, ***as it concedes the need for confidentiality but obstructs agreement***. This conduct justifies an award of attorneys' fees for preparing the motion, as it reflects a deliberate choice to escalate litigation rather than resolve the issue cooperatively where no real dispute exists.

The Court should grant the protective order and award attorneys' fees. The City's opposition contradicts its own communications, which show a clear refusal to stipulate, and its pattern of gamesmanship mirrors its conduct in the discovery dispute before Magistrate Judge Denney. Given the obvious and clear sensitive nature of the materials, i.e. naked photos of the Plaintiffs allegedly taken by the Defendant from their phones during a traffic stop, and the City's lack of substantial justification, the protective order is necessary to prevent further harm to Plaintiffs, and attorneys' fees are warranted to deter such tactics.

Dated: May 8, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

\_\_\_\_\_ personally delivering;
\_\_\_\_\_ delivery via Reno/Carson Messenger Service;
\_\_\_\_\_ sending via Federal Express (or other overnight delivery service);
\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
\_\_x\_\_   delivery via electronic means (fax, eflex, NEF, etc.) to:

Peter K Keegan
Reno City Attorney
1 East 1st Street
Reno, NV 89510
775-220-1426
Email: keeganp@reno.gov

May 8, 2025

By: /s/ Luke Busby, Esq.

Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

6