Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada.,<br><br>      Defendants. | Case No.: 3:25-cv-00129 ART-CSD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF RENO'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF 16]** |

COMES NOW, Plaintiffs Erica Bluth and Lavoria Wilson ("Plaintiffs"), by and through their undersigned counsel, and hereby submit this Opposition to Defendant City of Reno's Motion for Judgment on the Pleadings (ECF No. 16) pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court should deny

the City's motion in its entirety, as Plaintiffs' Complaint plausibly states claims for relief, and factual disputes raised by the City's Answer preclude judgment at this early stage of the proceedings.

## I. INTRODUCTION

The City seeks dismissal of Plaintiffs' claims, arguing that (1) it cannot be held liable under respondeat superior for state law torts because Defendant Tyler Baehr ("Baehr") acted outside the scope of his employment; (2) it is entitled to employer immunity under NRS § 41.745; (3) Plaintiffs fail to state a plausible Monell claim; (4) punitive damages are barred; and (5) amendment of the Complaint would be futile. For the reasons set forth below, the City's motion should be denied in its entirety.

This case, recently filed on March 5, 2025, is in its nascent stages, with discovery not yet commenced and a Case Management Conference scheduled for May 28, 2025 (ECF No. 13). The City's motion prematurely seeks to resolve factual disputes—particularly whether Baehr acted within the scope of his employment—before Plaintiffs have had an opportunity to conduct discovery.

The City's Answer (ECF No. 6) itself belies its claim that no issues of fact or law exist, as it contests key factual allegations, including Baehr's scope of employment. Accepting Plaintiffs' allegations as true, as required under FRCP 12(c), the Complaint plausibly states claims for relief. The Court should deny the City's motion and allow this case to proceed to discovery.

## II. STANDARD OF REVIEW

Under FRCP 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the

pleadings is "functionally identical" to a motion to dismiss under FRCP 12(b)(6).

*Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989). The Court "must accept all factual allegations in the complaint [and counterclaims] as true and construe them in the light most favorable to the nonmoving party." *Lopez v. Natl Archives & Records Admin*., 301 F. Supp. 3d 78, 83 n.6 (D.D.C. 2018) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).

Judgment on the pleadings is proper only when, taking all allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Id.* (quoting *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007)). To survive, a complaint must give "fair notice of a legally cognizable claim and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts showing that a violation is "plausible, not just possible." *Insco v. Aetna Health & Life Ins. Co*., 673 F. Supp. 2d 1180, 1185 (D. Nev. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As in *Safeco Ins. Co. of Am. v. Rip Van 899, LLC*, 2024 U.S. Dist. LEXIS 157251, at *4 (D. Nev. Aug. 22, 2024), this Court must evaluate whether the City is entitled to judgment as a matter of law based solely on the pleadings, without resolving factual disputes or weighing evidence. In *Safeco*, this Court denied judgment on the pleadings where factual allegations, taken as true, supported plausible claims, emphasizing the need to construe allegations in the non-moving party's favor. *Id.* at *7-8. Here, Plaintiffs' allegations similarly raise plausible claims, and the City's motion hinges on premature factual disputes that require discovery.

## III. ARGUMENT

The City's motion fails because (1) the Complaint plausibly alleges Baehr acted within the scope of his employment, and the City's Answer creates a factual dispute precluding judgment; (2) the City is not entitled to immunity under NRS § 41.745 at all, much less at this stage; (3) the *Monell* claim is adequately pled; (4) the punitive damages issue is premature; and (5) amendment is not futile. The case's early stage and lack of discovery further counsel against granting the motion.

### A. Respondeat Superior Liability Is Plausible, and the City's Answer Creates a Factual Dispute.

The City argues it cannot be liable under respondeat superior for Plaintiffs' state law claims (Violation of Nevada Constitution Article 1, Section 18, and Intrusion Upon Seclusion) because Baehr acted outside the scope of his employment in an "independent venture" for personal purposes (ECF No. 16 at 4-5). This argument fails because Plaintiffs plausibly allege Baehr acted within the scope of his employment, and the City's Answer contests this fact, creating a dispute that precludes judgment on the pleadings.

#### 1. Plaintiffs Plausibly Allege Baehr Acted Within the Scope of Employment.

In Nevada, an employer is liable under respondeat superior "when the employee is under the control of the employer and when the act is within the scope of employment." *Molino v. Asher,* 96 Nev. 814, 817, 618 P.2d 878, 879 (1980). The Complaint alleges Baehr was a Reno Police Officer acting "within the scope of his employment with the City of Reno at the time of the incidents" (ECF No. 1 at 2 ¶ 10).

Baehr, a City of Reno police officer, conducted traffic stops, took possession of Plaintiffs' cell phones under the pretext of verifying insurance, and accessed their private information while in his patrol vehicle during official duties (ECF No. 1 at 3-4 ¶¶ 13-14, 19-23). These actions occurred during routine police encounters, which are quintessentially within a police officer's scope of employment. See *Safeco*, 2024 U.S. Dist. LEXIS 157251, at *19 (denying judgment where allegations supported plausible claim).

The City's reliance on cases like *J.C. Penney Co. v. Gravelle*, 62 Nev. 434, 450, 155 P.2d 477, 482 (1945), and *Cloes v. City of Mesquite*, 582 F. App'x 721, 726 (9th Cir. 2014), is misplaced. In *Gravelle*, the employee's assault occurred after his employment-related task ended, unlike Baehr's actions, which occurred during active traffic stops. In *Cloes*, the officer's sexual assault was a personal errand unrelated to assigned duties, whereas Baehr's misconduct involved abusing his authority ***during official police functions***. Accepting Plaintiffs' allegations as true, Baehr's actions were plausibly within the scope of his employment, as they were enabled by and within his role as a police officer.

### 2. The City's Answer Creates a Factual Dispute Precluding Judgment.

The City's Answer denies that Baehr acted within the scope of his employment (ECF No. 6 at 2 ¶ 4, denying ECF No. 1 ¶¶ 8, 10). This denial creates a factual dispute that cannot be resolved on a Rule 12(c) motion. In *Safeco*, this Court denied judgment where the pleadings raised factual disputes, such as whether a party was covered by a contract, because such issues required evidence beyond the pleadings. 2024 U.S. Dist. LEXIS 157251, at *7-8. Similarly, whether Baehr acted within the scope of his

employment is a fact-intensive inquiry that "may be resolved as a matter of law" only when evidence is "undisputed." *Komton v. Conrad, Inc*., 119 Nev. 123, 125, 67 P.3d 316, 317 (2003). Here, the City's denial in its Answer (ECF No. 6) confirms the dispute, and no discovery has been conducted to resolve it. The Court must construe the Complaint's allegations in Plaintiffs' favor and deny the motion.

### 3. Discovery Is Necessary.

This case was filed on March 5, 2025, and discovery has not yet begun (ECF No. 13). The City's motion seeks to resolve a factual issue—Baehr's scope of employment—without allowing Plaintiffs to develop evidence through discovery. In *Safeco*, this Court recognized that factual disputes, such as whether a party's actions were covered by a contract, warranted denial of a Rule 12(c) motion to allow further development of the record. 2024 U.S. Dist. LEXIS 157251, at *10. Similarly, discovery is necessary to explore Baehr's conduct, the City's oversight, and whether his actions were foreseeable or authorized. Granting judgment now would prematurely deprive Plaintiffs of their right to develop their case. *See Twombly*, 550 U.S. at 555.

### B. The City Is Not Entitled to Immunity Under NRS § 41.745 at This Stage.

The City argues it is immune under NRS § 41.745 because Baehr's conduct was (1) an independent venture, (2) not within his assigned tasks, and (3) not reasonably foreseeable (ECF No. 16 at 6-11). This argument fails for three reasons: First, Plaintiffs' allegations, taken as true, do not satisfy all three prongs of NRS § 41.745(1), as Baehr's actions plausibly occurred within the scope of his employment as a Reno Police Officer. Second, NRS § 41.0337 mandates that the City, as the appropriate political subdivision, be named a party defendant in tort actions arising from acts or omissions

within the scope of Baehr's public duties, reinforcing Plaintiffs' right (and obligation) to name City as a Defendant. Third, factual disputes raised by the City's Answer (ECF No. 6) preclude judgment on the pleadings, as this Court emphasized in *Safeco*, where it denied a Rule 12(c) motion due to unresolved factual issues. 2024 U.S. Dist. LEXIS 157251, at *7-8. The case's early stage, with discovery not yet commenced (ECF No. 13), further underscores the need for factual development before resolving these issues.

NRS 41.745(1) provides that an employer is not liable for an employee's intentional conduct if it was (a) a "truly independent venture," (b) not committed in the course of assigned tasks, and (c) not reasonably foreseeable. All three prongs must be met for immunity to apply. *Wood v. Safeway, Inc*., 121 Nev. 724, 737, 121 P.3d 1026, 1035 (2005). Additionally, NRS § 41.0337(1) and (2) require that tort actions arising from acts or omissions within the scope of a public employee's duties, or against a person solely for such acts, name the State or appropriate political subdivision—here, the City—as a party defendant. This statutory mandate aligns with Plaintiffs' claims, which allege Baehr's tortious conduct occurred during official police duties, and supports denying the City's immunity claim at this stage.

### 1. Independent Venture

Plaintiffs allege Baehr's misconduct occurred during official traffic stops while he was on duty, in uniform, and using his patrol vehicle to seize and search Plaintiffs' cell phones under the pretext of verifying insurance (ECF No. 1 at 3-4 ¶¶ 13-14, 19-23). These actions were enabled by his role as a police officer and occurred within the context of routine law enforcement activities, not as a "truly independent venture"

unrelated to his employment. In *Cloes v. City of Mesquite*, 582 F. App'x 721, 726 (9th Cir. 2014), the officer's sexual assault was deemed an independent venture because it occurred during a personal errand unrelated to assigned duties. In contrast, Baehr's actions were intertwined with his official role, as he leveraged his authority to conduct traffic stops and access Plaintiffs' phones. The Complaint explicitly alleges Baehr acted "within the scope of his employment" (ECF No. 1 at 2 ¶ 10), a plausible claim that must be accepted as true under Rule 12(c). *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

NRS § 41.0337(1) further supports this position by requiring the City to be named a defendant in tort actions arising from acts within Baehr's public duties. Plaintiffs' state law claims—Violation of Nevada Constitution Article 1, Section 18, and Intrusion Upon Seclusion—arise from Baehr's misuse of authority during traffic stops, which are core police functions. By naming the City as a defendant (ECF No. 1), Plaintiffs comply with NRS § 41.0337(1) and (2), which presupposes that such claims may proceed against the political subdivision when the employee's actions are within the scope of employment or even "related to" the employees duties. The City's Answer denies Baehr acted within this scope (ECF No. 6 at 2 ¶ 4). This dispute precludes finding an independent venture as a matter of law at this stage. See *Komton v. Conrad, Inc.*, 119 Nev. 123, 125, 67 P.3d 316, 317 (2003).

### 2. Course of Assigned Tasks

Baehr's actions occurred during traffic stops, a fundamental task assigned to Reno Police Officers. Plaintiffs allege Baehr took their phones under the pretext of verifying insurance, a routine police function, and accessed private information while in

his patrol vehicle (ECF No. 1 at 3-4 ¶¶ 14, 22). Even if Baehr's misuse of the phones was improper, it occurred "in the course of" his assigned tasks, as he was actively performing law enforcement duties. In *Anderson v. Mandalay Corp.*, 131 Nev. 825, 829, 358 P.3d 242, 245 (2015), the Nevada Supreme Court held that an employer may be liable for intentional torts committed during tasks assigned to the employee if foreseeable. Here, Baehr's actions were enabled by his authority to conduct traffic stops, satisfying this prong.

NRS § 41.0337(1) and (2) reinforce this conclusion by mandating that the City be named in tort actions arising from acts within Baehr's public duties. The Complaint alleges Baehr's tortious conduct occurred during official traffic stops, directly implicating his assigned tasks (ECF No. 1 at 3-4 ¶¶ 13-14, 19-23). This statutory requirement reflects the legislature's intent to hold political subdivisions accountable for torts committed by employees acting within their public roles, subject to defenses like NRS § 41.745. The City's denial that Baehr acted within the scope of employment (ECF No. 6 at 2 ¶ 4) creates a factual dispute. The "course and scope" question is a factual determination reserved for the jury. *Nat'l Convenience Stores, Inc. v. Fantauzzi*, 94 Nev. 655, 584 P.2d 689 (1978). Discovery is necessary to determine whether Baehr's actions were sufficiently tied to his assigned duties, precluding immunity at this stage.

**3. Foreseeability**

The City argues Baehr's conduct was not foreseeable, citing Plaintiffs' allegation that a "prudent person" would not have anticipated the need to inspect phone contents (ECF No. 16 at 9, citing ECF No. 1 at 5 ¶ 30). This misinterprets the Complaint, which alleges Baehr's actions were "objectively unreasonable" but does not concede

unforeseeability to the City (ECF No. 1 at 5 ¶ 31).  The City is perfectly capable of allowing employees to engage in conduct that is objectively unreasonable but foreseeable.  Plaintiffs allege the City's failure to train made such misconduct foreseeable, given the recurring nature of Baehr's violations and the obvious need for training on digital privacy (ECF No. 1 at 9 ¶ 51). Foreseeability is a fact-intensive inquiry, under *Anderson*. 131 Nev. at 829, 358 P.3d at 245.

NRS § 41.0337(1) and (2) support Plaintiffs' position by requiring the City to be named in tort actions arising from Baehr's public duties, implying that such actions may be foreseeable when tied to official roles. Traffic stops are routine police activities, and the Complaint alleges Baehr exploited this authority in two separate incidents (ECF No. 1 at 9 ¶ 51), suggesting a pattern that could have been anticipated with proper training. Similarly, discovery is needed to assess whether the City could have anticipated Baehr's misuse of authority, particularly given Plaintiffs' allegations of inadequate training on handling cell phones during traffic stops (ECF No. 1 at 9 ¶ 50). The City's Answer, which denies key allegations (ECF No. 6 at 2-3 ¶¶ 4, 12), underscores the need for evidence to resolve this issue, not simply to accept the City's representations regarding the facts.

### 4. NRS § 41.0337 Mandates Naming the City

NRS 41.0337(1) and (2) explicitly require that the City be named a party defendant in tort actions arising from acts or omissions within Baehr's public duties or employment or "related to" the officer's public duties. Plaintiffs' state law claims arise from Baehr's conduct during traffic stops, which they allege occurred within the scope of his employment as a Reno Police Department Officer (ECF No. 1 at 2 ¶ 10). By

naming the City as a defendant, Plaintiffs comply with this statutory mandate, which facilitates holding political subdivisions accountable for employee torts, subject to defenses like NRS 41.745. The City's attempt to invoke immunity under NRS 41.745 is premature because it hinges on resolving whether Baehr's actions were within his public duties—a factual dispute raised by the City's Answer (ECF No. 6 at 2 ¶ 4).

In *Safeco*, this Court denied a Rule 12(c) motion where the defendant sought to dismiss claims based on disputed factual issues, emphasizing that the non-moving party's allegations must be accepted as true. 2024 U.S. Dist. LEXIS 157251, at *7-8. Here, NRS 41.0337(1) and (2) reinforce Plaintiffs' right, and indeed, obligation, to pursue their claims against the City, as Baehr's alleged torts occurred during official duties. The statute's requirement to name the City as a defendant presupposes that such claims are viable unless the City can conclusively establish all three prongs of NRS 41.745(1). Because Plaintiffs' allegations plausibly place Baehr's actions within his public duties, and the City's Answer creates factual disputes, immunity cannot be granted without discovery. See *Lopez v. Natl Archives & Records Admin*., 301 F. Supp. 3d 78, 83 n.6 (D.D.C. 2018).

**5. Early Stage of Litigation Necessitates Discovery**

This case, filed on March 5, 2025, is in its infancy, with pleadings closed on March 28, 2025, and discovery not yet underway (ECF Nos. 6, 13). The City's immunity argument requires resolving fact-intensive issues—whether Baehr's actions were an independent venture, within his assigned tasks, and foreseeable—that cannot be decided without evidence. In *Safeco*, this Court denied judgment on the pleadings where factual disputes, such as the scope of a contract, required development through

discovery. 2024 U.S. Dist. LEXIS 157251, at *10. Similarly, Plaintiffs are entitled to discovery to explore Baehr's conduct, the City's training and oversight, and the foreseeability of his actions. NRS 41.0337's mandate to name the City as a defendant further supports allowing this case to proceed, as it reflects the legislature's intent to ensure accountability for torts arising from public duties. Granting immunity now would prematurely deprive Plaintiffs of their right to develop their case, contrary to the principle that Rule 12(c) motions are appropriate only when no factual disputes exist. *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006).

Because Plaintiffs' allegations do not conclusively establish all three prongs of NRS 41.745(1), NRS 41.0337(1) and (2) mandate naming the City as a defendant, and the City's Answer creates factual disputes, the Court should deny the City's claim to immunity at this stage.

### C. Plaintiffs State a Plausible *Monell* Claim

The City contends that Plaintiffs' *Monell* claim fails for lack of a specific unconstitutional policy, deliberate indifference, or a pattern of violations (ECF No. 16 at 12-15). This argument is unpersuasive because the Complaint plausibly alleges a failure-to-train claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The City mischaracterizes the nature of Plaintiffs' claim, which rests on a municipal policy of inadequate training that caused constitutional deprivations.

To state a *Monell* claim, Plaintiffs must allege (1) a constitutional deprivation, (2) a municipal policy or custom, (3) deliberate indifference to constitutional rights, and (4) that the policy was the moving force behind the violation. *Lockett v. County of Los*

*Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). A failure-to-train claim requires showing that inadequate training reflects a "conscious" choice amounting to deliberate indifference. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989); *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016). The Complaint satisfies these elements, providing sufficient factual allegations to give "fair notice" and plausibly suggest entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 1. Constitutional Deprivation

Plaintiffs allege that Defendant Baehr violated their Fourth Amendment rights by seizing and searching their cell phones without probable cause during traffic stops (ECF No. 1 at 5–6 ¶¶ 31–34). The City does not contest this allegation for purposes of its motion, and the right to be free from unreasonable searches of cell phones is clearly established. *Monell*, 436 U.S. at 690 (municipalities are "persons" liable under § 1983 for constitutional deprivations). This allegation establishes a constitutional injury, sufficient to survive a Rule 12(c) motion. See *Richards v. County of San Bernardino*, 39 F.4th 562, 574 (9th Cir. 2022) (municipal liability does not require individual officer liability).

### 2. Municipal Policy and Deliberate Indifference

Plaintiffs allege the City's training policies were inadequate in five specific areas: (a) constitutional limits on cell phone searches, (b) handling personal property, (c) accessing private information, (d) professional boundaries, and (e) prohibiting misuse of authority (ECF No. 1 at 9 ¶ 50). They further allege deliberate indifference, evidenced by: (a) two incidents involving Baehr, (b) the obvious need for training on cell phone privacy, (c) foreseeability of such encounters, (d) established jurisprudence on cell

phone privacy, and (e) substantial risk of violations absent training (ECF No. 1 at 9 ¶ 51).

A "policy" under *Monell* includes a failure to train that amounts to deliberate indifference. *Canton*, 489 U.S. at 390. The Complaint's detailed allegations of training deficiencies provide "sufficient allegations of underlying facts" to give the City fair notice of the claim. *Starr*, 652 F.3d at 1216; *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993) (no heightened pleading standard for Monell claims). The City's argument that Plaintiffs fail to identify a specific policy overlooks this precedent, as the failure to train itself constitutes the actionable policy. *Canton*, 489 U.S. at 390. Deliberate indifference is plausibly alleged through the "obvious" need for training on cell phone privacy, given the prevalence of cell phones in police encounters and well-established Fourth Amendment protections. *Id.* at 390; see also *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiffs allege two incidents by Baehr, months apart (ECF No. 1 at 9 ¶ 51), suggesting a recurring issue that should have alerted the City to training deficiencies. See *Kirkpatrick*, 843 F.3d at 794 (pattern of violations supports notice of training gaps). Even absent a pattern, single-incident liability applies where the need for training is "so obvious" that failure to act reflects a conscious choice. *Canton*, 489 U.S. at 390. The Complaint alleges such an obvious need, as officers routinely handle cell phones during traffic stops, and inadequate training foreseeably leads to violations (ECF No. 1 at 9 ¶ 51). These allegations plausibly show the City disregarded a "known or obvious consequence" of its training failures. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The City's reliance on *Connick* is misplaced. *Connick* addressed summary judgment, not a Rule 12(c) motion, and involved a single incident without an obvious training need. *Id.* at 61. Here, Plaintiffs allege two incidents and an obvious need for training, satisfying the pleading standard under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 679–80 (2009). The allegations go beyond "bare assertions" and provide factual content plausibly suggesting deliberate indifference. Starr, 652 F.3d at 1216.

### 3. Moving Force

Plaintiffs allege the City's failure to train caused Baehr's violations by not informing officers of Fourth Amendment limits, establishing protocols, or preventing misuse of authority (ECF No. 1 at 9–10 ¶¶ 52–54). This satisfies the "rigorous" causation standard, as the Complaint plausibly links the training deficiencies to Baehr's actions. *Brown*, 520 U.S. at 405. Proper training, Plaintiffs allege, would have prevented officers from accessing personal information without legal justification (ECF No. 1 at 10 ¶ 52). This causal connection is sufficient at the pleading stage, where factual allegations must be taken as true. *Lockett*, 977 F.3d at 741; see also *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (causation shown where training inadequacy leads to constitutional harm).

### 4. Pattern or Single-Incident Liability

The City argues that Plaintiffs fail to show a pattern of violations, citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1987) (ECF No. 16 at 13). This argument fails. Plaintiffs allege two incidents by Baehr, occurring on December 31, 2023, and August 12, 2024, indicating a recurring issue (ECF No. 1 at 9 ¶ 51). This is sufficient to suggest

a pattern at the pleading stage, as deliberate indifference is typically a jury question. *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001). Moreover, single-incident liability applies where the need for training is "patently obvious." *Canton*, 489 U.S. at 390. The Complaint alleges such an obvious need, given the "clear foreseeability" of officers handling cell phones during routine traffic stops and the "substantial risk" of violations without training (ECF No. 1 at 9 ¶ 51). Discovery is warranted to explore additional incidents or confirm the obviousness of the training need. *Brown*, 520 U.S. at 409.

The City's contention that Baehr's intentional conduct negates a training deficiency (ECF No. 16 at 15) is unavailing. Intentional misconduct can stem from inadequate training if the City's failure to establish clear protocols enables officers to exploit their authority. *See Canton*, 489 U.S. at 388–89. The Complaint alleges that proper training would have prevented Baehr's actions by setting constitutional boundaries and protocols (ECF No. 1 at 10 ¶ 52), a plausible claim that survives Rule 12(c). *Benavidez*, 993 F.3d at 1153–54. The City's training failures plausibly reflect a "conscious" choice to disregard an obvious risk, satisfying the "stringent" deliberate indifference standard. *Connick*, 563 U.S. at 61; *Kirkpatrick*, 843 F.3d at 793.

In sum, the Complaint's factual allegations plausibly establish a *Monell* claim by alleging a constitutional deprivation, a municipal policy of inadequate training, deliberate indifference, and causation. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679–80. The Court should deny the City's motion and allow discovery to proceed.

///

///

### D. The Punitive Damages Issue Is Premature

The City argues punitive damages are barred under NRS § 41.035 and *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981) (ECF No. 16 at 16). This argument is premature. The Complaint seeks punitive damages against both Baehr in his individual capacity and the City (ECF No. 1 at 11 ¶ c). While municipalities are immune from punitive damages under § 1983 (*City of Newport*, 453 U.S. at 271), and state law limits such damages against public entities (NRS § 41.035(1)), the issue of damages is not properly resolved on a Rule 12(c) motion, which tests the sufficiency of claims, not remedies. The Court should defer this issue until the claims are fully adjudicated.

### E. Amendment Is Not Futile

The City argues that amendment would be futile because Plaintiffs' allegations conclusively show Baehr's actions were an independent venture (ECF No. 16 at 16). This argument fails because Plaintiffs' allegations support plausible claims, and amendment could cure any perceived deficiencies by adding facts consistent with the current Complaint. Leave to amend should be granted unless it is "absolutely clear" that no amendment can cure the defect, particularly for civil rights claims under 42 U.S.C. § 1983. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (leave to amend required unless pleading "could not possibly be cured by the allegation of other facts").

Plaintiffs' Complaint alleges Baehr acted within the scope of his employment during traffic stops, leveraging his police authority to seize and search cell phones (ECF No. 1 at 2 ¶ 10, 3–4 ¶¶ 13–14, 19–23). These allegations plausibly support respondeat

superior and Monell claims, and amendment could clarify or expand on Baehr's scope of employment, the City's training deficiencies, or additional incidents of similar misconduct. For example, Plaintiffs could allege further details about the City's oversight, prior complaints against Baehr, or other officers' similar actions, all consistent with the current claims. See *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623–24 (9th Cir. 1988) (amendment appropriate to bolster § 1983 claims with additional facts).

The City's assertion of futility hinges on its interpretation of Baehr's actions as an independent venture, but this is a factual dispute unsuitable for resolution on a Rule 12(c) motion, especially without discovery. The case's early stage—filed March 5, 2025, with discovery not yet commenced (ECF No. 13)—further supports allowing amendment, as Plaintiffs have had no opportunity to develop evidence. *See Walker v. Beard,* 789 F.3d 1125, 1139 (9th Cir. 2015) (emphasizing opportunity to amend in early litigation). Amendment is not a "sham" pleading, as additional facts would align with, not contradict, the Complaint's allegations. *Cf. Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) (courts must allow amendment absent clear futility).

Even if the Court finds deficiencies, it must provide notice of those deficiencies and an opportunity to amend, particularly in civil rights cases. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(superseded by statute on other grounds). A brief explanation of any shortcomings, without acting as legal advisors, suffices. *Eldridge*, 832 F.2d at 1136. Here, it is not "absolutely clear" that amendment cannot cure potential defects, as discovery may uncover facts strengthening Plaintiffs' claims. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024). Denying amendment would prematurely foreclose Plaintiffs'

ability to pursue their constitutional claims, contrary to Ninth Circuit precedent favoring liberal amendment. *Lopez*, 203 F.3d at 1130–31. The Court should reject the City's futility argument and permit amendment if necessary.

**F. The Case's Early Stage and Lack of Discovery Preclude Judgment**

This case is in its infancy, with pleadings closed on March 28, 2025, and discovery not yet underway (ECF Nos. 6, 13). The City's motion seeks to resolve fact-intensive issues—scope of employment, foreseeability, and training adequacy—without any developed record. In *Safeco*, this Court denied a Rule 12(c) motion where factual disputes required evidence beyond the pleadings, emphasizing the need for discovery. 2024 U.S. Dist. LEXIS 157251, at *10.

Similarly, Plaintiffs are entitled to discovery to explore Baehr's conduct, the City's policies, and the foreseeability of his actions. Granting judgment now would violate the principle that Rule 12(c) motions "may save the parties needless and considerable time and expense" only when no factual disputes exist. *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006).

**IV. CONCLUSION**

The City's Motion for Judgment on the Pleadings should be denied. Plaintiffs' Complaint plausibly states claims for respondeat superior liability, survives the City's immunity defense, and adequately pleads a *Monell* claim. The Complaint and the City's Answer creates factual disputes, particularly regarding Baehr's scope of employment, that preclude judgment at this stage. The case's early stage and lack of discovery further counsel against resolving these issues now. The Court should allow Plaintiffs to proceed to discovery and, if necessary, amend their Complaint.

Dated:  May 14, 2025

By:  /s/ Luke Busby, Esq.
　　　Luke Busby, Esq.
　　　Nevada State Bar #10319
　　　316 California Avenue
　　　Reno, Nevada 89509
　　　(775) 453-0112
　　　luke@lukeandrewbusbyltd.com

　　　Lauren Gorman, Esq.
　　　Nevada State Bar #11580
　　　275 Hill Street, Suite 248
　　　Reno, Nevada 89501
　　　(775) 742-6129
　　　lgorman@laurengormanlaw.com
　　　*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true

and correct copy of the foregoing by:

_____ personally delivering;
_____ delivery via Reno/Carson Messenger Service;
_____ sending via Federal Express (or other overnight delivery service);
___x__ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
___x___  delivery via electronic means (fax, eflex, NEF, etc.) to:

        Peter K Keegan
        Reno City Attorney
        1 East 1st Street
        Reno, NV 89510
        775-220-1426
        Email: keeganp@reno.gov

        Via US Mail to:

        Tyler Michael Baehr
        9752 Pachuca Drive
        Reno, NV 89521

        May 14, 2025

        By:  /s/ Luke Busby, Esq.
          Luke Busby, Esq.
          Nevada State Bar #10319
          316 California Avenue
          Reno, Nevada 89509
          Phone (775) 453-0112
          luke@lukeandrewbusbyltd.com