Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada., <br><br> Defendants. | Case No.: 3:25-cv-00129 ART-CSD <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF RENO'S MOTION FOR STAY [ECF 22]** |

COMES NOW, Plaintiffs ERICA BLUTH and LAVORIA WILSON ("Plaintiffs"), by and through their undersigned counsel, and respectfully submit this Opposition to the Defendant CITY OF RENO's Motion for Stay or, in the Alternative, for Stay of Discovery (ECF No. 22). The City's motion seeks to stay this civil action pending the resolution of

a parallel criminal case against Defendant Tyler Baehr (Case No. 3:25-CR-00002-MMD-CSD) or, alternatively, to stay discovery pending the outcome of the City's Motion for Judgment on the Pleadings (ECF No. 16). For the reasons set forth below, the Court should deny the City's motion in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

The City argues that a stay of this civil action is warranted under the five-factor test articulated in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), because Defendant Baehr's invocation of his Fifth Amendment rights in the parallel criminal case creates overlapping issues that justify deferring this proceeding. The Constitution does not require a stay of civil proceedings pending the outcome of a parallel criminal case absent substantial prejudice to a party's rights. *Keating*, 45 F.3d at 324.

The decision to grant a stay is discretionary and must be made in light of the particular circumstances and competing interests involved, considering: (1) the plaintiffs' interest in proceeding expeditiously and potential prejudice from delay; (2) the burden on defendants; (3) the convenience of the court and efficient use of judicial resources; (4) the interests of non-parties; and (5) the public interest in the pending litigation. *Id.* at 324-25.

Here, the balance of these factors weighs heavily against a stay. Plaintiffs have a strong interest in expeditiously resolving their claims, which allege serious violations of their Fourth Amendment rights and Nevada constitutional protections due to Baehr's unauthorized access to their personal cell phone data during pretextual traffic stops. A stay would delay justice for Plaintiffs, who have already endured significant emotional

distress and invasion of privacy. The City's claim that a stay would expedite resolution by allowing the criminal case to resolve identical constitutional issues is speculative.

The criminal case, scheduled for trial on November 4, 2025, may not resolve all issues pertinent to this civil action, particularly the City's liability under the *Monell* claim for failure to train, which is distinct from Baehr's individual culpability. Moreover, the doctrine of collateral estoppel, which the City invokes, requires that issues be identical, actually litigated, and necessarily decided in the prior proceeding. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017). The City has not demonstrated that the criminal case will necessarily resolve the *Monell* claim or the state law claims against it, as these involve different legal standards and factual inquiries. For example, the Monell claim requires proof of a municipal policy or failure to train that was the moving force behind the constitutional violation, which is not at issue in Baehr's criminal prosecution. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Delaying this case risks prolonging Plaintiffs' cause without guaranteed resolution. The Court should deny a full stay to protect Plaintiffs' right to timely justice.

The City further contends that proceeding with this civil action imposes a significant burden on Defendants, particularly due to Baehr's invocation of his Fifth Amendment rights and the City's discovery obligations conflicting with the criminal case's protective order. The burden on Defendants does not outweigh Plaintiffs' interests. Baehr's invocation of the Fifth Amendment is a strategic choice, and courts have held that a defendant has no absolute right to avoid choosing between testifying in a civil matter and asserting this privilege. *Keating*, 45 F.3d at 326. The trier of fact may draw adverse inferences from such invocation in a civil proceeding, mitigating any

prejudice to Plaintiffs. *Id.* The City's concern about discovery obligations conflicting with the criminal case's protective order is overstated.

  Importantly, the City is not a party to the criminal case and can seek tailored protective orders in this action to manage sensitive evidence. The City's analogy to being "between a rock and a hard place" exaggerates the burden, as courts routinely manage parallel proceedings by coordinating discovery to avoid prejudice. For instance, the City can produce non-privileged documents and depose witnesses without infringing on Baehr's rights. The burden on Defendants is manageable and does not justify halting this case.

  The City asserts that a stay would promote judicial economy by avoiding duplicative discovery disputes and leveraging the potential application of collateral estoppel from the criminal case. The convenience of the court and efficient use of judicial resources do not favor a stay. Continuing this action allows the Court to resolve Plaintiffs' claims promptly, avoiding the uncertainty of waiting for a criminal trial that may not address all issues. The City's reliance on collateral estoppel is premature, as it assumes the criminal case will resolve identical issues, which is not guaranteed. *Howard*, 871 F.3d at 1041 (requiring substantial overlap in evidence, same rule of law, and closely related claims for issue preclusion).

  Discovery disputes cited by the City (ECF Nos. 10, 11, 12, 14, 17) are solely caused by the City and are typical in complex litigation and can be managed through existing case management procedures. A stay would merely defer these issues, potentially complicating the case if witnesses become unavailable or memories fade.

The City argues that the interests of non-parties are neutral, as their interests are undefined. The interests of non-parties weigh against a stay. Potential victims or witnesses in the criminal case, who may also have claims against Baehr or the City, would benefit from the timely resolution of this civil action, which could establish liability and facilitate their recovery. The City's suggestion that non-parties would benefit from an expedited criminal outcome ignores the distinct remedies available in this civil case, such as compensatory damages for emotional distress, which are unavailable in the criminal proceeding. *Keating*, 45 F.3d at 325 (considering non-parties' interests in the litigation's outcome). Delaying this case could prejudice non-parties by prolonging their ability to pursue related claims due to statute of limitations issues.

The City claims that the public interest favors a stay because the criminal trial's outcome will expedite this case and serve the public's interest in orderly justice. The public interest strongly supports proceeding with this civil action. The public has a compelling interest in ensuring that allegations of civil rights violations by law enforcement are also addressed promptly. The City's argument that a stay will expedite resolution assumes the criminal trial will conclude as scheduled and resolve all issues, which is uncertain. The public's confidence in the justice system is better served by allowing victims of alleged constitutional violations to seek redress without delay, reinforcing accountability for municipal entities. *Keating*, 45 F.3d at 325. A stay would undermine this interest. The Court should prioritize the public's interest in timely justice by denying a stay.

The City's arguments regarding the public records matter in Second Judicial District Case No. CV24-02408 are inapposite to the Motion for Stay in this case. The public records dispute, which involves Plaintiff Erica Bluth's request for records related to Sparks Police Case No. 24-6872 from the City of Sparks and the City of Reno and is currently on appeal in Nevada Supreme Court Case No. 90244, concerns the application of Nevada's Public Records Act and associated balancing tests under state law. These issues are distinct from the Fourth Amendment, Nevada constitutional, and Monell claims at issue here, which focus on Baehr's alleged misconduct and the City's liability. The public records litigation does not impact the *Keating* factors or the need for discovery in this civil rights action.

The City alternatively requests a stay of discovery pending resolution of its Motion for Judgment on the Pleadings (ECF No. 16), asserting that the motion is meritorious and dispositive. To justify a stay of discovery, the City must satisfy the three-step criteria established in *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013): (1) the pending motion must be potentially dispositive; (2) it must be decidable without additional discovery; and (3) a "preliminary peek" at the motion's merits must convince the Court that the plaintiff cannot state a claim. The City bears a heavy burden to make a strong showing why discovery should be denied, as the Federal Rules of Civil Procedure do not permit automatic or blanket stays when a potentially dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011); *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A stay should only be granted if the Court is convinced the plaintiff will be unable to state a claim for relief. *Tradebay*, 278 F.R.D. at 603. The City's motion

fails to meet these criteria, as Plaintiffs' Opposition to the Motion for Judgment on the Pleadings (ECF No. 31) demonstrates that the City is unlikely to prevail, and discovery is essential to resolve factual disputes.

While the City's Rule 12(c) motion is potentially dispositive, it does not satisfy the second and third prongs of *Kor Media Group*. The motion argues for statutory immunity under NRS § 41.745 for the state law claims and the insufficiency of the *Monell* claim, but these arguments hinge on factual disputes that require discovery. Plaintiffs' Opposition to the Motion for Judgment on the Pleadings (ECF No. 31 at 4-6) establishes that the Complaint plausibly alleges Baehr acted within the scope of his employment during traffic stops, leveraging his police authority to unlawfully seize and search Plaintiffs' cell phones in violation of the 4th Amendment (ECF No. 1 at 2 ¶ 10, 3-4 ¶¶ 13-14, 19-23). The City's Answer simply denies this allegation (ECF No. 6 at 2 ¶ 4), creating a factual dispute that precludes judgment without evidence, as this Court emphasized in *Safeco Ins. Co. of Am. v. Rip Van 899,* LLC, 2024 U.S. Dist. LEXIS 157251, at *7-8 (D. Nev. Aug. 22, 2024). Similarly, the Opposition demonstrates that **NRS § 41.0337 mandates the Plaintiffs naming the City as a defendant in tort actions arising from Baehr's public duties**, undermining the City's immunity claim at this stage (ECF No. 31 at 7-11). The *Monell* claim is also plausibly pled, alleging a failure to train officers on constitutional limits for cell phone searches, supported by two incidents, suggests a pattern of misconduct (ECF No. 1 at 9 ¶ 51; ECF No. 31 at 12-16).

A preliminary peek at the City's Motion for Judgment on the Pleadings, viewed in a light most favorable to the Plaintiffs through the lens of Plaintiffs' Opposition (ECF

7

No. 31), reveals that the City is unlikely to prevail. Baehr's actions during routine traffic stops fall within the scope of employment, defeating the City's claim of an "independent venture" (ECF No. 31 at 4-5). Furthermore, Baehr's misconduct was foreseeable due to the City's training failures, negating immunity under NRS § 41.745 (ECF No. 31 at 9-10). For the *Monell* claim, the Opposition invokes *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989), to establish that the City's failure to train reflects deliberate indifference, supported by the obvious need for training on cell phone privacy (ECF No. 31 at 13-14). These arguments, grounded in the Complaint's factual allegations, plausibly state claims that survive Rule 12(c), as no heightened pleading standard applies to Monell claims. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993); ECF No. 31 at 14. Discovery is necessary to explore the City's training policies, Baehr's conduct, and the foreseeability of his actions, issues not resolvable on the pleadings alone. The City's failure to make a strong showing under *Kor Media Group* mandates that discovery proceed.

      In conclusion, the City's motion does not warrant a stay of this action or discovery. The *Keating* factors—Plaintiffs' interest in timely justice, the manageable burden on Defendants, judicial efficiency, non-party interests, and the public's demand for accountability—favor proceeding without a full stay. The alternative request to stay discovery fails under *Kor Media Group*, as the Motion for Judgment on the Pleadings is not convincingly dispositive, and Plaintiffs' Opposition (ECF No. 31) demonstrates the City's unlikelihood of prevailing. Discovery is essential to resolve factual disputes. The Court should deny the City's motion and permit this case to advance.

Dated: May 16, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;
_____ delivery via Reno/Carson Messenger Service;
_____ sending via Federal Express (or other overnight delivery service);
\_\_\_x\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
\_\_\_x\_\_  delivery via electronic means (fax, eflex, NEF, etc.) to:

    Peter K Keegan
    Reno City Attorney
    1 East 1st Street
    Reno, NV 89510
    775-220-1426
    Email: keeganp@reno.gov

    Via US Mail to:

    Tyler Michael Baehr
    9752 Pachuca Drive
    Reno, NV 89521

May 16, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com