KARL S. HALL
Reno City Attorney
PETER K. KEEGAN
Deputy City Attorney
Nevada State Bar No. 12237
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for the City of Reno*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada,<br><br>Defendants. | CASE NO.: 3:25-cv-00129-ART-CSD<br><br>**CITY OF RENO'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant City of Reno ("the City"), by and through its attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Peter Keegan, hereby file the instant Reply In Support of Its Motion for Judgment on the Pleadings (ECF No. 16).

**I.    Legal Argument**

    **A.    The City is Entitled to Judgment on the Pleadings Because Plaintiffs' Complaint Fails to State Plausible State Law Claims Against the City.**

The Plaintiffs' argument that the City's Answer (ECF No. 6 at 2-3 ¶¶ 4, 12) denying that the Baehr's actions were within the scope of this employment somehow creates a factual dispute

is a logical fallacy.[1] The identified denials in the City's Answer dovetail perfectly with the facts as pleaded by Plaintiffs' Complaint and together demonstrate no factual dispute exists as to whether Baehr was acting outside the scope of his employment.[2] Plaintiffs' Complaint repeatedly alleges, using a variety of verbiage, that Baehr used "his position of authority to obtain personal information for non-law enforcement purposes."[3] Just because Plaintiffs' Complaint pastes in the legal conclusion that "Baehr was acting within the scope of his employment with the City of Reno at the time of the incidents complained of herein" does not create plausible claims for Respondeat Superior liability.[4] Defendant Plaintiffs cannot rely on threadbare legal conclusions when their Complaint pleads specific countervailing facts.[5] Even construing the Complaint's alleged facts in the light most favorable to the Plaintiffs unequivocally demonstrates the City is legally entitled to immunity pursuant to NRS 41.745 and therefore judgment as a matter of law on Plaintiffs' State law claims.[6]

    **B.**    **The City is Entitled to Immunity Because As Plaintiffs Allege, Baehr's Traffic Stops Were Part of an Unforeseeable Pretextual Scheme to Pursue his Independent Venture, And Not In Furtherance of Any Legitimate Law Enforcement Purpose.**

        **1.**    **As Alleged, Baehr's Conduct Was An Independent Venture.**

Plaintiffs' Opposition conveniently ignores the pleaded fact that Baehr did not issue a ticket

---

[1] The Plaintiffs' citation to *Komton v. Conrad Inc.,* 119 Nev. 123, 125, 67 P.3d 316, 317 (2003) in their Opposition (ECF No. 31 at 8:20-22) is inapposite. First, the Court in *Conrad* affirmed the district court's finding that Conrad was not vicariously liable because the he was not performing a service within the scope of his employment for his employer at the time of the accident. And second, the Court's holding in *Conrad* had nothing to do with the content of the defendant's answer.)

[2] *Compare* (ECF No. 6 at 2 ¶¶ 3-4) *with* (ECF No. (ECF No. 1 at ¶¶ 23, 30, 31, 33, 45, 48); *see Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008) (citing *Irish Lesbian and Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2nd Cir.1998) ("A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6).)).

[3] Complaint (ECF No. 1 at ¶¶ 23, 30, 31, 33, 45, 48)

[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[5] *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir. 2002) (A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation.").

[6] *Cloes v. City of Mesquite*, 582 F. App'x. 721, 726 (9th Cir. 2014) (citing *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1180 (Nev. 1996) ("Generally, whether an employee is acting within the scope of his or her employment is a question for the trier of fact, but where undisputed evidence exists concerning the employee's status at the time of the tortious act, the issue may be resolved as a matter of law.").

when he allegedly "intentionally intruded upon Plaintiffs' solitude and seclusion . . . for his personal use."[7] This fact demonstrates the Baehr's alleged search of Plaintiffs' phones was indeed under the pretext of verifying insurance and did not serve a legitimate law enforcement purpose, but instead was part of a "truly independent venture" wholly unrelated to and outside the scope of his employment.[8] Plaintiffs' Opposition cites to *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) in support of the bald contention that because Plaintiffs' "Complaint explicitly alleges Baehr acted 'within the scope of this employment' (ECF No. 1 at 2 ¶ 10), [it stated] a plausible claim that that must be accepted as true under Rule 12(c)."[9] Other than restating the Rule 12(c)'s standard of review for a motion for judgement on the pleadings, that all alleged facts must be accepted as true and construed favorably to the non-moving party, *Fleming* is irrelevant to analysis of this case.

### 2. As Alleged, Baehr's Conduct Was Outside the Course of His Assigned Task.

Plaintiffs' Complaint does not plead facts demonstrating Baehr was actively any performing law enforcement duties. Rather, Plaintiffs' Complaint (ECF No. 1) alleges that when Baehr accessed and/or copied private materials from their phones, Baehr did so "for his personal use" or "non-law enforcement purposes."[10] Similarly, Plaintiffs citation to *Nat'l Convenience Stores, Inc. v. Fantauzzi*, is incompatible to this case because in *Fantauzzi*, the court was evaluating a motion for judgment notwithstanding the verdict, wherein a jury had already found the employer vicariously liable.[11] *Fantauzzi*, is further distinguishable from this case because unlike the Stop N' Go market employee, who was on his to convey a benefit to this employer – the measuring of shelving – Plaintiffs here have not alleged Baehrs actions accrued any benefit to the City.[12] Rather

---

[7] Complaint (ECF No. 1 at 4 ¶ 25; 7 ¶¶ 41, 42).
[8] *See* NRS 41.745(1)(a); *see also Cloes*, 582 F. App'x. at 725-6.
[9] Opposition (ECF No. 31 at 8:6-9).
[10] Complaint (ECF No. 1 at 7 ¶ 42; 8 ¶ 48).
[11] *See Nat'l Convenience Stores, Inc. v. Fantauzzi,* 94 Nev. 655, 656, 584 P.2d 689, 690 (1978).
[12] *Compare Fantauzzi,* 94 Nev. 655, 659 (1978) (finding the employer liable where the employee temporarily abandoned his personal objective and turned to accomplish a task reasonably within the scope of his employment and of benefit to his master.) *with Cloes v. City of Mesquite*, 582 F. App'x. 721, 726 (9th Cir. 2014) discussing *J.C. Penny Co. v. Gravelle*, 62 Nev. 434, 155 P.2d 477, 481-82 (1945) (finding the employer immune from liability under NRS 41.745 even through the employee officer was on duty and in uniform because there was no evidence that his personal visit to deliver his wedding invitation was part of his job.).

Plaintiffs have described their traffic stops by Baehr as deceptive, pretextual, and made for non-law enforcement purposes.[13] Coupled with Plaintiffs' acknowledgment that Baehr did not issue a traffic citation it is apparent under the totality of circumstances that Baehr's actions were outside the course of his assigned task.[14]

### 3. As Alleged, Baehr's Conduct Not Only Failed to Advance A Legitimate Law Enforcement Purpose But Was Contrary Thereto and Therefore Unforeseeable.

Plaintiffs' Opposition (ECF No. 31) attempts to backpaddle against the unforeseeably strong current created by the narrowly channeled allegations of their Complaint (ECF No. 1).[15] Plaintiffs argue that paragraphs 30 and 31 were misinterpreted because hypothetically "[t]he City is perfectly capable of allowing employees to engage in conduct that is objectively unreasonable but foreseeable."[16] And that the unproven allegation of the City's failure to train is somehow sufficient to support the foreseeability of Baehr's allegedly "malicious" and "objectively unreasonable" actions.[17] Plaintiffs' attempt to bolster their foreseeability argument by merging the allegations of a two incident pattern from their failure to train *Monell* claim is flimsy. Plaintiffs' Opposition seems to further acknowledge the unforeseeability of Baehr's alleged actions when they request discovery to determine "whether the City could have anticipated Baehr's misuse of his authority."[18]

Plaintiffs' citation to *Anderson v. Mandalay Corp.*, is similarly unconvincing. While the decision in *Anderson* does state that the foreseeability test set forth NRS 41.745(1)(c) is "typically factual, not legal," paragraphs 30 and 31 of the Plaintiffs' Complaint literally allege the polar opposite of NRS 41.745(1)(c)'s foreseeability prong, thereby eliminating the need for a factual inquiry.[19] The Court in *Anderson* stated "the Legislature clarified NRS 41.745(1)(c)'s reasonable foreseeability standard, stating the "conduct of an employee is reasonably foreseeable if a person

---

[13] Complaint (ECF No. 1 at 4 ¶ 25, 5-6 ¶ 33, 8 ¶ 48).
[14] *Id*. at 4 ¶ 25.
[15] (ECF No. 31 at 9:23-1).
[16] *Id.* at 8:16-19.
[17] *Id*. at 10:3-6.
[18] *Id*. at 10:14-15.
[19] *Anderson v. Mandalay Corp.,* 131 Nev. 825, 829, 358 P.3d 242, 245 (2015).

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury."[20] Whereas paragraph 30 of Plaintiffs' Complaint alleges "a prudent person would not have concluded that there was any fair probability that inspection or copying of Plaintiffs' personal phone was necessary or legally justified."[21] And paragraph 31 of Plaintiffs' Complaint alleges "Baehr's seizure and search of Plaintiffs' phones . . . was objectively unreasonable and without probable cause, as the phones and their contents had no relation to any legitimate law enforcement purpose during routine traffic stops."[22]

The City hired former officer Baehr to enforce the law, Plaintiffs alleged he used his position to advance an wholly personal independent venture, which did not benefit the City, and for which he is now facing federal criminal charges in Case No. 3:25-CR-00002-MMD-CSD.[23] Even after assuming all the Complaint's factual allegations as true and construing them in favor of Plaintiffs, Baehr's alleged actions cannot be presumed to have been foreseeable, and the City is therefore entitled to immunity against Plaintiffs' State law claims pursuant to NRS 41.745.[24]

### C. Plaintiffs' Argument Regarding NRS 41.0337 is Legally Incorrect.

Plaintiffs repeatedly – at least six times – reference NRS 41.0337's jurisdictional requirement to name the political subdivision, in an attempt to resuscitate the undisputed factual inadequacy of their complaint. Contrary to Plaintiffs' contention, NRS 41.0337 presupposes nothing.[25] Nor does NRS 41.0337 reinforce any of the legal conclusions against the City alleged in Plaintiffs' Complaint.[26] Plaintiffs also baseless assert that NRS 41.0337 implies that tort actions "may be foreseeable when tied to official roles."[27] Instead, the Nevada Court of Appeals' decision

---

[20] *Id.*
[21] (ECF No. 1 at 5 ¶ 30).
[22] *Id*. at 5 ¶ 31.
[23] The City requests that the Court take judicial notice of the publicly available docket in Case No. 3:25-CR-00002-MMD-CSD. *Turner v. Reno Police Dep't*, No. 3:23-CV-00221-ART-CSD, 2025 WL 689004, at *1 (D. Nev. Mar. 4, 2025) (citing *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.")).
[24] *See Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008).
[25] (ECF No. 1 at 6 ¶ 35); (ECF No. 31 at 10:1-3).
[26] *Id*. at 9:9-10.
[27] *Id*. at 10 8-11

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

in *Craig v. Donnelly*, 135 Nev. 37, 439 P.3d 413 (2019) holds that NRS 41.0337 sets forth part of the jurisdictional requirement that plaintiffs bringing state tort claims against a government employee, must name the government entity in order to invoke Nevada's waiver of sovereign immunity.[28]

Plaintiffs are required to state plausible claims, with the benefit of the court accepting their allegations as true and construing them in their favor; however, courts need not "accept as true a legal conclusion couched as a factual allegation."[29] Much like this Court need not accept Plaintiffs' unsupported contention that the legislative intent of NRS 41.0337 somehow tips the foreseeability scales against the City.

### D. Discovery is Not Required Because the City's Motion For Judgment on the Pleadings is Meritorious.

Plaintiffs contend that immunity under NRS 41.745(1)(c) cannot be decided without discovery and rely on citation to *Safeco Ins. Co. of Am. v. Rip Van 899, LLC,* No. 2:23-CV-01417-ART-NJK, 2024 WL 3971134, at *1 (D. Nev. Aug. 22, 2024) for support. *Safeco* involved a motion for judgment on the pleadings filed by the issuer of a Landlord Insurance Policy contract.[30] The Court granted Safeco's motion in part and denied it in part because of the factually disputed coverage terms of the underlying insurance contract.[31] *Safeco* is distinguishable because this case simply requires review of the factual allegations contained in the Plaintiffs' Complaint.

Discovery is unnecessary for Plaintiffs' State law claims because the Plaintiffs' Complaint (ECF No. 1 at ¶¶ 23, 30, 31, 33, 45, 48) read together with the denials in the City's Answer (ECF No. 6 at 2 ¶ 4), undisputably demonstrate that that Baehr was acting within the scope of his employment and the City is entitled to immunity as a matter of law due to the absence of any

---

[28] *See Craig v. Donnelly*, 135 Nev. 37, 39, 439 P.3d 413, 415 (Nev. App. 2019); ("NRS 41.0337 requires that, to pursue a tort claim against a state employee, the complaint must name the State as a party pursuant to NRS 41.031. Thus, NRS 41.031 and NRS 41.0337 require that, to pursue a claim against the State or a state employee acting within the scope of his or her employment, a plaintiff must name the State of Nevada as a defendant."); NRS 41.0337(1).
[29] *Papsan v. Allain*, 478 U.S. 265, 286 (1986); *see also, Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994) (legal conclusions cast in the form of factual allegations in the complaint are not entitled to an assumption of truth).
[30] *See Safeco Ins. Co. of Am. v. Rip Van 899, LLC,* No. 2:23-CV-01417-ART-NJK, 2024 WL 3971134, at *1 (D. Nev. Aug. 22, 2024).
[31] *See id*.

potential factual dispute.[32] Dismissal of Plaintiffs' State law claims is "completely compatible with the fundamental judicial maxim that federal jurisdiction is limited to a justiciable case or controversy."[33]

### E. Plaintiffs' Allegations that The City Failed to Adequately Train Baehr Are Factually Insufficient To State a Plausible *Monell* Claim.

Plaintiffs rely upon the Ninth Circuit's ruling in *Richards v. County of San Bernadino*, that *Monell* liability does not require a predicate constitutional violation by a government official, to validate their vague pleaded failure to train allegations against the City.[34] Plaintiffs do not include the City as a named defendant in their First Cause of Action, alleging a violation of the Fourth Amendment under Section 1983, and instead only plead a conclusory Section 1983 *Monell* claim against the City.[35] And as discussed *supra* the City is immune from the State law causes of action Plaintiffs plead against it. Nevertheless, *Richards* does not aid the Plaintiffs' cause because unlike the Plaintiffs' Complaint (ECF No. 1), the plaintiff there in *Richards* identified two specific policies of the San Bernardino Police Sheriff's Department which may have the plaintiff could have shown caused him constitutional injury.[36]

#### 1. Deliberate Indifference – Lack of Omission

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a *known or obvious* consequence of his action."[37] The United States District Court for the Southern District of California's ruling in *Doe by & through Tanis v. Cnty. of San Diego*, 576 F. Supp. 3d 721, 738 (S.D. Cal. 2021) involved a similar factual scenario to that alleged by Plaintiffs. In the *Doe by & through Tanis* case, the plaintiff alleged, a variety of *Monell* claims against San Diego County regarding its policies for employee training, discipline, and supervision

---

[32] *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008) ("A Rule 12(c) Motion for Judgment on the Pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief ...").
[33] *Id*. at 1156; *Friends of the Earth v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180–81 (2000).
[34] (ECF No. 31 at 13:16-19).
[35] *See* (ECF No. 1 at 5-6).
[36] *See Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 574 (9th Cir. 2022).
[37] *Doe by & through Tanis v. Cnty. of San Diego*, 576 F. Supp. 3d 721, 738 (S.D. Cal. 2021) *citing Christie v. Iopa*, 176 F.3d 1231, 1240 (9th Cir. 1999) (emphasis in original) (internal quotations omitted).

regarding use of its NetRMS system.[38] Essentially, the plaintiff alleged that the county's failure to adequately train its employees on use of its NetRMS system resulted in its corrections officer, Wilson, improperly accessing the plaintiff's personal information.[39] The plaintiff's personal information was contained in and accessed through the NetRMS investigation file about Wilson's previous sexual assault of the plaintiff for which he was later convicted.[40] The Court granted San Diego's motion for summary judgment with respect to the *Monell* claims.[41] The *Doe by & through Tanis* Court determined that the plaintiff had failed to demonstrate a pattern of similar constitutional violations by untrained employees, "which is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train."[42] And therefore, that the Court was left to speculate that similar incidents *may* have occurred.[43] The Court explained that:

> Under Ninth Circuit precedent, "[a] policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." In an "omission" action, a plaintiff must show the municipality's policy of inaction "amounts to deliberate indifference to the plaintiff's constitutional right, and that the policy caused the violation, in the sense that the [municipality] could have prevented the violation with an appropriate policy."[44]

As identified by the City in its Motion for Judgment on the Pleadings (ECF No. 16 at 14:3-7), Plaintiffs have neither identified how the City was on "actual or constructive notice" of the risk that Defendant Baehr or any of its other officers had violated or were in jeopardy of violating the Fourth Amendment rights of citizens through cell phone seizures and/or searches for personal use, stemming from routine traffic stops.[45] Instead, the Plaintiffs' Complaint (ECF No. 1 at 9 ¶ 50) and

---

[38] *See Doe by & through Tanis*, 576 F.Supp.3d at 727-31.
[39] *See id*.
[40] *See id*.
[41] *See id.* at 741.
[42] *See id*. at 739.
[43] *See id*.
[44] *Id.* at 737-8 (citing Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)).
[45] *See Doe by & through Tanis*, 576 F.Supp.3d at 738 ("Plaintiff must demonstrate that the [City] 'was on actual or constructive notice that its omission would likely result in a constitutional violation.'") (citing *Tsao*, 698 F.3d at 1145)).

1  Opposition (ECF No. 31 at 13 § 2) allude to topics which they assume are inadequately addressed
2  by the City's training policies. Not only do Plaintiffs' postulations temporally fail to place the City
3  on notice of a risk of constitutional violations, but Plaintiffs also fail to identify specific City
4  policies connected to a pattern of similar violations.[46]

### 2. Failure to Adequately Train – Single Incident

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."[47] This is particularly true where, as here, the Plaintiffs' have alleged a single officer's conduct was so egregious and that the need for training was "so obvious" that the City's failure to act reflects a conscious choice.[48] Faced with such instances, the Ninth Circuit has noted, "when a municipal employee commits a constitutional tort, it could always be alleged that the municipality failed to enact a policy that could have prevented the tort."[49]

Similar the Court's holding in *Doe by and through Tanis*, the instant Plaintiffs' failure-to-train theory suffers the same deficiency as its as its "omission" theory, that being the absence of allegations or evidence that the City "failed to investigate and discipline employees in the face of widespread constitutional violations."[50] Plaintiffs in this case allege that Baehr's actions were "dishonest, intentional, wanton, malicious, and oppressive[,]" but Plaintiffs do not and cannot identify any basis upon which the City could have or should have been aware or of Baehr's actions.[51] The reason being is that Baehr's alleged actions were neither a predictable nor obvious consequence of the City's training policies or inaction regarding the same.[52] Supreme Court Justice Brennan explained this unfortunate reality well in his concurring opinion in the *Okla. City v. Tuttle,* 471 U.S. 808, 830 (1985). Justice Brennan stated:

---

[46] *Doe by & through Tanis*, 576 F.Supp.3d at 738-9 (citing *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) ("[N]otice of a pattern of *similar* violations is required.")).
[47] *Doe by & through Tanis*, 576 F.Supp.3d at 739 (citing *Connick v. Thompson*, 563 U.S. 5, 61 (2011)).
[48] *See Doe by & through Tanis*, 576 F.Supp.3d at 739 (citing *Connick*, 563 at 71-72 ("Single-incident liability occurs only in a narrow range of circumstances")).
[49] *Tsao*, 698 F.3d at 1143-44.
[50] *Doe by & through Tanis*, 576 F.Supp.3d at 740*; see also Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) ("We have long recognized that a custom or practice can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.") (internal quotation marks omitted).
[51] *Id.* at 739.
[52] *Id*.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

> A single police officer may grossly, outrageously, and recklessly misbehave in the course of a single incident. Such misbehavior may in a given case be fairly attributable to various municipal policies or customs, either those that authorized the police officer so to act or those that did not authorize but nonetheless were the "moving force," *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981), or cause of the violation. In such a case, the city would be at fault for the constitutional violation. Yet it is equally likely that the misbehavior was attributable to numerous other factors for which the city may not be responsible; the police officer's own unbalanced mental state is the most obvious example. Cf. *Brandon v. Holt,* 469 U.S. 464, 466, 105 S.Ct. 873, ——, 83 L.Ed.2d 878 (1985). In such a case, the city itself may well not bear any part of the fault for the incident; there may have been nothing that the city could have done to avoid it. Thus, without some evidence of municipal policy or custom independent of the police officer's misconduct, there is no way of knowing whether the city is at fault. To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell*.[53]

### 3. Plaintiffs' Allege Baehr's Personal Motivations Were the Moving Force, Not the City's Polices or Lack Thereof.

Plaintiffs' Opposition (ECF No. 31 at 16:10-14) next erroneously contends that the Court's ruling in *City of Canton, Ohio v. Harris,* supports the proposition that "intentional misconduct can stem from inadequate training if the City's failure to establish clear protocols enables officers to exploit their authority." Plaintiffs' argument misstates the Court's "moving force" concept. Contrary to Plaintiffs' contention, the Court in *City of Canton* held that "the respondent must still prove that the deficiency in the training actually caused the police officer's indifference" and "that to adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983."[54] Recognizing that Plaintiffs' own pleadings cast Baehr's actions as

---

[53] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 830–31 (1985) (Justice Brennan concurring).
[54] *City of Canton, Ohio v. Harris,* 489 U.S. 378, 391 (1989).

1  unforeseeable, wholly motivated by his own personal predilections, and unrelated to the
2  advancement of legitimate law enforcement objectives, Plaintiffs now request the Court to ignore
3  the *Monell's* precedential progeny and impose strict liability upon the City. The City respectfully
4  requests this Court grant its motion for judgment on the pleadings regarding Plaintiffs' *Monell*
5  claim and avoid the "endless exercise of second-guessing municipal employee-training programs"
6  that the United States Supreme Court has cautioned against.[55]

### F. Amending the Complaint Would be Futile.

"Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible."[56] As acknowledged by the Plaintiffs, the purpose of Rule 12(c) motions are to save the parties considerable time and needless expense when no factual disputes exist.[57] Arguendo Plaintiffs are granted leave to amend and through discovery obtain further evidence of Baehr's alleged misconduct, said evidence will only further substantiate the disconnect between the City's training polices, its reasonable expectations for the scope of Baehr's employment and the misdeeds Plaintiffs have alleged he committed. of the parties will not change. As such, leave to amend should be denied because amendment of Plaintiffs' Complaint to allege facts consistent with it cannot cure the pleading's deficiencies.[58] Plaintiffs' allegations against the City fail as a matter of law, additional facts will not alter this case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[55] *Id*. at 392.
[56] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
[57] (ECF No. 31 at 19:15-18).
[58] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## II. CONCLUSION

As Plaintiffs cannot amend their Complaint to "state a claim upon which relief can be granted" against the City, all of Plaintiffs' causes of action against the City must be dismissed without leave to amend. Accordingly, the City respectfully requests that this Court grant the City judgment on the pleadings under FRCP 12(c) and dismiss all of Plaintiffs' causes of action against the City.

DATED this 21st day of May 2025.

KARL S. HALL
Reno City Attorney

By: /s/ Peter Keegan
PETER K. KEEGAN
Deputy City Attorney
Nevada State Bar No. 12237
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for the City of Reno*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this day, I served a copy of on the foregoing *CITY OF RENO'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS* on the party(s) set forth below by:

  **X**   CMECF electronic service.

Electronically addressed as follows:

| | |
|---|---|
| Luke Busby, Esq. | Lauren Gorman, Esq. |
| 316 California Ave. | 275 Hill Street, Ste 248 |
| Reno, NV 89509 | Reno, NV 89501 |
| luke@lukeandrewbusbyltd.com | lgorman@laurengormanlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

  **X**   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and addressed as follows:

Tyler Michael Baehr
9752 Pachuca Drive
Reno, NV 89521
In Propria Persona

DATED this 21st day of May 2025.

　　　　　　　　　　　　　　　　　　　　　*/s/ Peter Keegan*
　　　　　　　　　　　　　　　　　　　　　Peter Keegan
　　　　　　　　　　　　　　　　　　　　　Deputy City Attorney