Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER BAEHR, and individual, and THE CITY OF RENO, apolitical subdivision of the State of Nevada.,<br><br>    Defendants. | Case No.: 3:25-cv-00129 ART-CSD<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Order Setting Case Management Conference issued by United States Magistrate Judge Craig S. Denney on March 31, 2025 (ECF No. 9), and the Order granting an extension on April 28, 2025 (ECF No. 13), the parties submit this updated Joint Case Management Report. The Plaintiffs and the City of Reno met and

conferred on April 14, 2025, and all of the parties, including Mr. Baher again on May 19, 2025, to discuss the matters outlined in the Court's order. This report reflects the participation of Plaintiffs, Defendant City of Reno, and Defendant Tyler Michael Baehr, who filed an Answer on May 6, 2025 (ECF No. 20). This report addresses the required items in separately numbered paragraphs as designated.

1. **Nature of the Case**: This case involves claims by Plaintiffs Erica Bluth and Lavoria Wilson against Defendants Tyler Michael Baehr, a Reno Police Officer, and the City of Reno, arising from two traffic stops in Reno, Nevada, on December 31, 2023, and August 12, 2024. Baehr allegedly seized Plaintiffs' cell phones under the pretext of verifying insurance, accessed private and intimate materials without consent, and, in Bluth's case, copied such materials. Plaintiffs assert: (1) violation of Fourth Amendment rights under 42 U.S.C. § 1983 against Baehr; (2) violation of Article 1, Section 18 of the Nevada Constitution against Baehr and the City of Reno; (3) intrusion upon seclusion against Baehr and the City of Reno; and (4) a Monell claim under 42 U.S.C. § 1983 against the City of Reno for failure to train. Plaintiffs seek compensatory and punitive damages, declaratory relief, and attorney's fees. The City of Reno denies the allegations, asserting Baehr's actions were lawful, within his duties, and that adequate training was provided, raising defenses including qualified immunity and statutory immunities under Nevada law. Baehr, in his Answer (ECF No. 20), invokes his Fifth Amendment rights against self-incrimination due to a related criminal case (Case No. 3:25-CR-00002-MMD-CSD), denying most allegations either on that basis or for lack of sufficient information.

2.     **Jurisdictional Basis:** This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 for claims under 42 U.S.C. § 1983. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts. Venue is proper under 28 U.S.C. § 1391, as the events occurred in Reno, Nevada. Jurisdiction is not based on diversity, so citizenship and amount in controversy are not addressed.

3.     **Adding Parties or Amending Pleadings**: Plaintiffs do not anticipate adding parties or amending pleadings at this time but reserve the right to do so if discovery reveals additional liable parties or claims, subject to the proposed deadline of July 14, 2025 (ECF No. 10). The City of Reno has not indicated plans to add parties or amend its Answer (ECF No. 6) but reserves the same right. Baehr, having recently filed his Answer (ECF No. 20), has not indicated plans to amend but reserves the right to supplement his Answer with affirmative defenses after resolution of his criminal case.

4.     **Pending Motions**: Several motions are pending:

a.     Plaintiffs' Motion for Protective Order (ECF No. 11), filed April 23, 2025, seeks to safeguard sensitive materials, including intimate images and videos, during discovery. The City of Reno responded on May 7, 2025 (ECF No. 23), and Plaintiffs replied on May 8, 2025 (ECF No. 25). This motion is set for discussion at the May 28, 2025, case management conference (ECF No. 29).

b.     The City of Reno's Motion for Judgment on the Pleadings (ECF No. 16), filed April 30, 2025, seeks dismissal of certain claims. Plaintiffs responded on May 14, 2025 (ECF No. 31), and the City replied on May 21, 2025.

c. Plaintiffs' Motion Regarding Discovery Dispute (ECF No. 17), filed May 5, 2025, addresses discovery issues. The City responded on May 8, 2025 (ECF No. 26), and this motion is set for discussion at the May 28, 2025, conference (ECF No. 29).

d. The City of Reno's Motion to Stay Case (ECF No. 22), filed May 7, 2025, seeks a stay pending Baehr's criminal case. Plaintiffs responded on May 16, 2025 (ECF No. 32), and replies are due by May 23, 2025.

5. **Related Cases** : A related criminal case against Baehr, Case No. 3:25-CR-00002-MMD-CSD, is pending in this District, involving allegations related to the same or similar conduct, potentially impacting this case's progression. Bluth also has a public records case against t he City of Sparks and the City of Reno, District Court Case No. CV24-02408, pending on appeal before the Nevada Supreme Court in Case No. 90244.

6. **Discovery Statement** :

a. Rule 26(f) Initial Disclosures: Plaintiffs propose serving initial disclosures by May 23, 2025, adjusting from their original April 28, 2025, proposal (ECF No. 10) due to the extension (ECF No. 13). The City of Reno objects, citing its Motion to Stay (ECF No. 22), which may delay disclosures.  Baehr also objects, citing its Motion to Stay (ECF No.22), which may delay disclosures.

b. Discovery Requests Served: No discovery requests have been served, pending resolution of the Motion for Protective Order (ECF No. 11) and the Motion to Stay (ECF No. 22). Plaintiffs intend to serve interrogatories and document requests upon entry of a prot ective order.

c. Protective Order: Plaintiffs' Motion for Protective Order (ECF No. 11) seeks to protect sensitive materials, including intimate images and videos. A draft was sent to the City on April 14, 2025, but no agreement was reached. Baehr has not provided input.

d. Timing, Sequencing, Phasing, or Scheduling: Plaintiffs propose a 180-day discovery period ending November 14, 2025, adjusted from October 10, 2025 (ECF No. 10), due to the extension (ECF No. 13). The City seeks a stay, which may necessitate further extensions if granted. Baehr's recent participation may require adjustments.

e. Discovery Outside District or U.S.: The parties do not anticipate discovery outside the District of Nevada or the United States.

f. Depositions: Plaintiffs anticipate deposing Baehr, Reno Police Department training personnel, and up to five additional witnesses (e.g., Sparks Police detectives), to be conducted in Reno, Nevada, with video and sound recording. The City anticipates deposing Plaintiffs and relevant witnesses but has not specified further. Baehr's deposition plans are unknown.

7. **Electronically Stored Information (ESI)**: ESI includes digital images, videos, and text messages on Plaintiffs' cell phones, City of Reno training records, Baehr's personnel files, patrol vehicle data (e.g., dashcam footage), and third-party platform data (e.g., Snapchat). ESI is located on Plaintiffs' devices, City servers, and third-party platforms. The parties agree to preserve ESI to prevent spoliation and produce in PDF or native format with Bates numbering. Baehr as a pro se defendant, stated he will comply with ESI preservation. These issues await resolution pending the

protective order and stay motion. Plaintiffs believe a stipulated protective order will address inadvertent disclosure of privileged ESI.

    8.    **Jury Trial:** Plaintiffs demanded a jury trial (ECF No. 1), which the City does not contest. Baehr's Answer (ECF No. 20) does not contest the jury trial demand. The parties estimate a 7-10 day trial.

    9.    **Settlement:** During the April 14, 2025, and May 19, 2025, meet and confers, Plaintiffs, the City, and Baehr discussed settlement but reached no agreement. Plaintiffs propose a court-sponsored settlement conference after initial discovery, potentially using expert testimony for case valuation, as a concrete damage assessment may require expert review. The City prefers to defer settlement talks pending resolution of its Motion to Stay (ECF No. 22). Baehr participated minimally, citing his criminal case. The parties considered alternative dispute resolution (e.g., mediation) and request the Court's guidance on timing, especially if a stay is granted.

    10.    **Magistrate Judge Jurisdiction:** The parties discussed consenting to trial before a magistrate judge under 28 U.S.C. § 636(c). Plaintiffs are not open to magistrate jurisdiction. The City has not expressed a position. Baehr states that given the plaintiffs have declined; he defers to the default assignment to the District Judge.

    11.    **Bifurcation, Phasing, or Expediting**: Plaintiffs oppose bifurcation or phasing, citing overlapping evidence for liability and damages, and propose a 180-day discovery schedule to expedite proceedings (ECF No. 10). The City proposes a stay (ECF No. 22), which may affect scheduling. Baehr proposes a stay (ECF No.22) due to his criminal case. The parties request the Court's input on efficiency, given the pending motions.

12. **Certification:** The parties certify that Plaintiffs, the City of Reno, and Baehr met and conferred on April 14, 2025, and May 19, 2025, to discuss settlement, ESI, and this report's contents. The City's refusal to stipulate to the protective order and discovery plan (ECF Nos. 10, 11), citing its Motion to Stay (ECF No. 22), has limited agreement. Baehr's participation was limited due to his pro se status and invocation of Fifth Amendment rights. Plaintiffs have made good-faith efforts to comply with the Court's order, including drafting and sharing a proposed protective order and discovery plan on April 14, 2025.

Dated: May 19, 2025

BY: _____

Tyler Baehr, Pro Se

By: __/s/ Luke Busby, Esq.____
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

```
                                        BY:  ___/s/ Peter Keegan_____
                                        Peter Keegan, Esq.
                                        Deputy City Attorney
                                        Nevada State Bar No. 12237
                                        Reno City Attorney
                                        P.O. Box 1900
                                        Reno, NV 89505
                                        *Attorney for Defendant City of Reno*
```

# CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_x\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_x\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Peter K Keegan
Reno City Attorney
1 East 1st Street
Reno, NV 89510
775-220-1426
Email: keeganp@reno.gov

Via US Mail to:

Tyler Michael Baehr
9752 Pachuca Drive
Reno, NV 89521

May 23, 2025
By: \_/s/ Luke Busby, Esq.\_\_\_\_\_