| | |
|---|---|
| 1 | KARL S. HALL |
| 2 | Reno City Attorney |
| | PETER K. KEEGAN |
| 3 | Deputy City Attorney |
| | Nevada State Bar No. 12237 |
| 4 | Post Office Box 1900 |
| 5 | Reno, Nevada 89505 |
| | (775) 334-2050 |
| 6 | *Attorneys for the City of Reno* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual, | CASE NO.: 3:25-cv-00129-ART-CSD |
| Plaintiff, | **CITY OF RENO'S REPLY IN SUPPORT OF ITS MOTION FOR STAY** |
| vs. | |
| TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada, | |
| Defendants. | |

Defendant, the City of Reno ("the City"), by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Peter Keegan, hereby submit the instant Reply in Support of its Motion for Stay.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  REPLY ARGUMENT IN SUPPORT OF A STAY OF THIS PROCEEDING

**A. First *Keating*[1] Factor – Expedited Litigation – Nonmutual Collateral Estoppel Will Apply to the Verdict of Baehr's Criminal Case No. 3:25-CR-00002-MMD-CSD Because the United States Must Prove Fourth Amendment Constitutional Violations Identical to Those Alleged by Plaintiffs.**

Nonmutual collateral estoppel applies when an issue or issues litigated by a party in a case are identical to an issue(s) in a separate case but involving the same party. For example, "nonmutual offensive collateral estoppel prevents a defendant from relitigating issues that it lost in an earlier case against a different plaintiff."[2] Whereas "Defensive nonmutual collateral estoppel involves a defendant's attempt to preclude a plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against a different party."[3]

Here, Baehr is charged in case no. 3:25-CR-00002-MMD-CSD with two counts of Depravation of Rights Under Color of Law in violation of 18 U.S.C. § 242 (ECF No. 1).[4] "The statute provides criminal penalties for '[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[.]'"[5] A comparison of the four causes of action in this case – each requiring, as an element, proof a Fourth Amendment constitutional violation – with the two charges for violations of 18 U.S.C. §

---

[1] *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (Addressing the five factors a court should assess when evaluating a motion to stay civil proceedings in the face of a parallel criminal case.); *see* City of Reno's Motion for Stay (ECF No. 22 at Section III. A.).

[2] *E. I. du Pont de Nemours & Co. v. Abbott*, 144 S. Ct. 16, 217 L. Ed. 2d 229 (2023) (Thomas, J., dissenting from the denial of certiorari).

[3] *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 714 (9th Cir. 2005) (citing *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984).

[4] The City requests that the Court take judicial notice of the publicly available docket in Case No. 3:25-CR-00002-MMD-CSD. A copy of the docket current as of May 7, 2025, is attached hereto as **Exhibit 3.** *Van Snowden v. Cazares*, 2015 WL 12859715, at *1, n. 2 (C.D. Cal. Dec. 15, 2015) (internal citations omitted) (taking judicial notice of court records of a criminal case before the same court, including the fact that a federal indictment was filed in the criminal case).

[5] *United States v. Glover*, 672 F. Supp. 3d 1072, 1077 (D. Or. 2023); 18 U.S.C. § 242.

242 in case no. 3:25-CR-00002-MMD-CSD, demonstrates the identicalness of the issues in the cases and the consequential applicability of nonmutual collateral estoppel.[6]

First, as explained above, the factual issues before the Court in 3:25-CR-00002-MMD-CSD are identical to those before the Court in this case.[7] Both cases involve allegations of Fourth Amendment search and seizure violations stemming from the same nucleus of operative facts, involving the same Defendant, Baehr, and which occurred on the same dates – January 31, 2023 and August 12, 2024.[8] Second, while case no. 3:25-CR-00002-MMD-CSD has not yet been fully litigated, a jury trial is scheduled for November 4, 2025, which connotes an impending verdict i.e. actual litigation of the issue by a common party, Baehr, against whom, or by whom, preclusion would presumably be asserted.[9] Third, during the course of the criminal jury trial, the relevant evidence presented will necessarily be substantially, if not exactly the same, as that presented by Plaintiffs herein because both cases require proof of the same underlying constitutional violations.[10] Fourth, as stated in the City's Motion For Stay (ECF No. 22 at 6-8), the issue of whether Baehr violated the Plaintiffs' Fourth Amendment rights is central to all their claims, including the first element of Plaintiffs' *Monell* claim.[11] As also acknowledged by the City's Motion to Stay (ECF No. 22 at 6-8), Plaintiffs may need to present additional damages evidence for their intrusion upon seclusion claim and/or additional evidence regarding the City's policies

---

[6] *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) ("The party asserting issue preclusion must demonstrate: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.").
[7] *See City of Coos Bay*, 871 F.3d at 1041.
[8] *Compare* Criminal Indictment (ECF No. 1), Case No. 3:25-CR-00002-MMD-CSD *with* Complaint for Damages and Declaratory Relief (ECF No. 1), Case No. 3:25-CV-00129, (The City previously requested, in its Motion for Stay (ECF No. 22 at 4 fn. 8), for this Court to take judicial notice of the publicly available docket in Case No. 3:25-CR-00002-MMD-CSD).
[9] *See* Docket Sheet, (ECF No. 22-3), Case No. 3:25-CR-00002-MMD-CSD; *see also Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993) ("(2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation[.]"); *see also Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019)("Thus, consistent with the Restatement (Second) of Judgments and our sister circuits, we hold that an issue is actually litigated when an issue is raised, contested, and submitted for determination.") (citing Restatement (Second) of Judgments § 27, cmt. (d) (1982) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination and is determined, the issue is actually litigated ....")).
[10] *Compare* Criminal Indictment (ECF No. 1), Case No. 3:25-CR-00002-MMD-CSD *with* Complaint for Damages and Declaratory Relief (ECF No. 1), Case No. 3:25-CV-00129.
[11] *See* (ECF No. 22 at 8:4-5; fn. 23).

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

1  for their *Monell* claim; however, this does not preclude application of issue preclusion to the
2  underlying common questions/issues of whether Baehr violated Plaintiffs' Fourth Amendment
3  rights.[12]

4  For the foregoing reasons, this Court should the City's Motion for Stay because nonmutual
5  collateral estoppel will apply to the verdict of Baehr's criminal case no. 3:25-CR-00002-MMD-
6  CSD. And therefore, as argued in the City's Motion for Stay (ECF No. 22 at 6-8), the first *Keating*
7  factor weighs in favor of granting a stay because a criminal verdict will be reached more
8  expeditiously than and be outcome determinative of the bulk of issues raised in Plaintiffs'
9  Complaint (ECF No. 1) herein.

   **B.   Second *Keating* Factor – Burden on Defendants – A Stay, Whether Full, Partial, or Only of Discovery Is The Best Option To Avoid Burdens Upon Not Just the Defendants, But All Parties.**

The Court in the *Lizarraga v. City of Nogales, Arizona*, No. CV 06-474 TUC DCB, 2007 WL 10146106, at *2 (D. Ariz. Nov. 1, 2007) was tasked with resolving a strikingly similar situation to that now pending before this Court.[13] After initially denying the City of Nogales' motion for stay, a series of unfortunate but foreseeable discovery disputes ultimately led the Court to grant a stay filed by the Plaintiff, who originally opposed a stay.[14] One of the issues noted by the Court was that the "Plaintiff has presented evidence that discovery in this case is finding its way to the criminal defense."[15] The Court determined that because there was a firmly set criminal trial, a stay was preferable to a protective order and the continuation of discovery.[16]

Here, the Plaintiffs, without legal support, argue that the City's concern about its discovery obligations conflicting with or inadvertently prejudicing Baehr's Sixth Amendment rights is

---

[12] *See City of Coos Bay*, 871 F.3d 1032, 1040–41 (9th Cir. 2017) ("Issue preclusion, or collateral estoppel, 'bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' **even if the issue recurs in the context of a different claim**.") (citing *Taylor v. Sturgell*, 553 U.S. 880, 892, (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001))). (Emphasis added).
[13] *See Lizarraga v. City of Nogales, Arizona*, No. CV 06-474 TUC DCB, 2007 WL 10146106, at *2 (D. Ariz. Nov. 1, 2007) (Before the Court in *Lizarraga* was a civil case with a simultaneously proceeding criminal case against a Nogales Police Officer who was alleged to have intimidated, restrained, and sexually assaulted the plaintiff.).
[14] *Id*.
[15] *Id*.
[16] *Id*.

overstated. Plaintiffs are incorrect. As demonstrated by the *Lizarraga* case, the burden upon the City with proceeding in this case poses a real risk to the constitutional sanctity of case no. 3:25-CR-00002-MMD-CSD. As such, the Second *Keating* factor also weighs heavily in favor of this Court granting the City's Motion for Stay (ECF No. 22).

### C. Third *Keating* Factor – Judicial Economy –Judicial Economy, Efficiency, and Convenience Are All Promoted By A Stay.

Plaintiffs offer limited substance in opposition to the City's arguments regarding the Third *Keating* factor, contending simply that Baehr's criminal case is not guaranteed to resolve identical issues and therefore, the City's Motion for Stay (ECF No. 22) should be denied.[17] The City addressed these arguments *supra* with citation to *City of Coos Bay*, 871 F.3d at 1040–41, which confirms that issues actually litigated in one case may be barred from re-litigation in another, even if they occur in a different claim.[18] The City also acknowledged in its Motion for Stay (ECF No. 22 at 7-8:9-3) that non-identical damages issues and *Monell* training policy issues may require additional evidence.

Moreover, despite Plaintiffs' reference in their Opposition (ECF No. 32 at 4:22-6) to existing discovery disputes herein, Plaintiffs fail to deny the likelihood of duplicity thereof and instead blames the disputes on the City without contextually offering ideas to conveniently improve efficient use of the Court's resources. As such, the Third *Keating* factor weighs in favor of at stay.

### D. Fourth *Keating* Factor – Interest of Nonparties – Assessment of Damages For Non-Parties, Necessarily Follows Litigation of the Underlying Alleged Causes of Action, Which Will Be More Expeditiously Determined In Case No. 3:25-CR-00002-MMD-CSD.

Interestingly, despite noting the prematurity of the City's argument against punitive damages in their Opposition to the City's Motion for Judgment on the Pleadings (ECF No. 31 at Section III. D.), Plaintiffs' Opposition to the City's Motion for Stay (ECF No. 32 at 5:5-9) argues that the issue of damages is now apparently mature for review. Additionally, the Plaintiffs'

---

[17] (ECF No. 31 at 4 17-21).
[18] *Supra* Section I. A fn. 11.

Opposition ignores the increased possibility of settlement of nonparty claims as a result of a verdict in 3:25-CR-00002-MMD-CSD. Nevertheless, based upon the remaining uncertainty, the City maintains its position that the Fourth *Keating* weighs neutrally in the balance.

   **E.** **Fifth *Keating* Factor – Public Interest – The Public Interest In Administration of Justice Favors This Court Expeditiously Resolving Case No. 3:25-CR-00002-MMD-CSD First.**

Granting a stay of Plaintiffs' civil action will promote the efficient and fair administration of justice. Plaintiffs speculatively allude to possible delays in the Baehr's criminal case but fail to address the fact that Baehrs' criminal jury trial, currently scheduled for November 4, 2025, will begin right before discovery in this case is proposed by the parties herein to close on November 14, 2025.[19] Presuming the criminal case remains on track, a verdict, substantially outcome determinative of the causes of action raised in this case, will be available to nonparties before they would otherwise have even begun litigating their claims herein. Accordingly, the Fifth *Keating* factor, and the balance of factors (4 out 5), weigh in favor of this Court granting the City's Motion for Stay (ECF No. 22).

## II. REPLY ARUGMENT IN FAVOR OF A STAY OF DISCOVERY

  **A.** **A Stay of Discovery Is Warranted under the *Kor Media Group* Test.**

    **1.** **The City's Pending Motion (ECF No. 16) is Dispositive.**

Plaintiffs' Opposition (ECF No. 32 at 7:4-6) acknowledges the City's Motion for Judgment on the Pleadings is potentially dispositive, thereby satisfying the First factor of the *Kor Media Group* test.[20]

    **2.** **The City's Pending Motion (ECF No. 16) Can Be Decided Without Discovery.**

The pleadings contained in Plaintiffs' Complaint (ECF No. 1) demonstrate that no discovery is necessary because there are no facts which will support their State law claims for

---

[19] *Compare* Order to Continue, (ECF No. 15), Case No. 3:25-CR-00002 (setting Jury Trial for November 4, 2025) *with* Joint Case Management Report, (ECF No. 34 at 5 Section 6. d.), Case No. 3:25-cv-00129-ART-CSD (proposing a 180-day discovery period that closes on November 14, 2025).
[20] *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

relief based upon the existing allegations.[21] As identified by the City's Reply in Support of Its Motion for Judgment on the Pleadings (ECF No. 33 at 6, Section I. D.):

> Discovery is unnecessary for Plaintiffs' State law claims because the Plaintiffs' Complaint (ECF No. 1 at ¶¶ 23, 30, 31, 33, [35,] 45, 48) read together with the denials in the City's Answer (ECF No. 6 at 2 ¶ 4), undisputably demonstrate that that Baehr was acting within [*sic* - outside] the scope of his employment and the City is entitled to immunity as a matter of law due to the absence of any potential factual dispute.[22]

With respect to Plaintiffs' *Monell* claim, their Complaint (ECF No. 1 at 6 ¶ 35) alleges that Baehr's actions were "dishonest, intentional, wanton, malicious, and oppressive[,]" but Plaintiffs do not, and cannot through discovery, identify any basis upon which the City could have or should have been aware or of Baehr's actions.[23] The reason being is that Baehr's alleged actions were neither a predictable nor obvious consequence of the City's training policies or inaction regarding the same.[24] The Plaintiffs' description of Baehr's alleged conduct, and his independent motivations for the two identified incidents, only serve to demonstrate how *im*plausible it is that any training by the City could have altered Baehr's alleged behavior.[25]

### 3. The City's Motion for Judgment on the Pleadings (ECF No. 16) Passes the "Preliminary Peek Test."

The City's Motion (ECF No. 16) and its Reply (ECF No. 33) demonstrate it is entitled to immunity against Plaintiffs' State law claims under NRS 41.745 because as Plaintiffs allege, Baehr's traffic stops were part of an unforeseeable pretextual scheme to pursue his independent

---

[21] *See id.*
[22] *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008) ("A Rule 12(c) Motion for Judgment on the Pleadings may consequently be granted if, after assessing both the complaint, plus matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief ...").
[23] (ECF No. 1 at 6 ¶ 35).
[24] *Doe by & through Tanis v. Cnty. of San Diego*, 576 F. Supp. 3d 721, 738 (S.D. Cal. 2021) ("In considering claims based on a failure to train municipal employees, the Supreme Court has held '[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.'") (citing *Connick v. Thompson,* 563 U.S. 5, 61 (2011)).
[25] *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.").

venture, and not in furtherance of any legitimate law enforcement purpose.[26] Plaintiffs do not state plausible claims for respondeat superior liability, and because NRS 41.0337 is a jurisdictionally triggering requirement it has no bearing on the plausibility of Plaintiffs' allegations; therefore, the City is entitled to judgment as a matter of law.

The City's Motion (ECF No. 16) and its Reply (ECF No. 33) also demonstrate the implausibility of Plaintiffs' *Monell* claim.[27] The Plaintiff's Complaint (ECF No. 1) insufficiently pleads their *Monell* claim by exhaustively and indisputably describing Baehr as a "bad apple" whose actions were unforeseeably unique due to their "dishonest, intentional, wanton, malicious, and oppressive" nature.[28] As such, Plaintiffs have not and cannot show the City's de facto policies or customs were the moving force behind their alleged constitutional injuries or that the City was deliberately indifferent to a known risk of such injury.[29]

## III.   CONCLUSION

The City respectfully requests this Court grant its Motion for a Stay (ECF No. 22) in the interests of all parties and the interests of judicial economy. Alternatively, the City submits that good cause exists for this Court to grant a stay of discovery pending its ruling on the City's Motion for Judgment on the Pleadings (ECF No. 16).

---

[26] *See* (ECF No. 16 at 4-12, Section III. A-B.); *see also* (ECF No. 33 at 1-7, Section I. A-D.).
[27] *See* (ECF No. 16 at 12 – 17, Section III. C-E.); *see also* (ECF No. 33 at 7- 11, Section I. E-F.).
[28] *Oklahoma City*, 471 U.S. at 822-23; *id*. at 831 (it is impermissible to infer "a city policy from the isolated misconduct of a single low-level officer.") (Brennan J. concurring)); (ECF No. 1 at ¶¶ 23, 30, 31, 33, 35, 45, 48).
[29] *Connick*, 563 U.S. at 70 ("proving that a municipality itself actually caused a constitutional violation by failing to train the offending employee presents "difficult problems of proof," and we must adhere to a "stringent standard of fault," lest municipal liability under § 1983 collapse into *respondeat superior*).

DATED this 23rd day of May 2025.

KARL S. HALL  
Reno City Attorney

By: */s/ Peter Keegan*  
PETER K. KEEGAN  
Deputy City Attorney  
Nevada State Bar No. 12237  
Post Office Box 1900  
Reno, Nevada 89505  
*Attorneys for the City of Reno*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this day, I served a copy of on the *CITY OF RENO'S REPLY IN SUPPORT OF ITS MOTION FOR STAY* on the party(s) set forth below by:

__X__   CMECF electronic service.

Electronically addressed as follows:

| | |
|---|---|
| Luke Busby, Esq. | Lauren Gorman, Esq. |
| 316 California Ave. | 275 Hill Street, Ste 248 |
| Reno, NV 89509 | Reno, NV 89501 |
| luke@lukeandrewbusbyltd.com | lgorman@laurengormanlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

__X__   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and addressed as follows:

Tyler Michael Baehr  
9752 Pachuca Drive  
Reno, NV 89521  
In Propria Persona

DATED this 23rd day of May 2025.

  */s/ Peter Keegan*  
Peter Keegan

1                                               Deputy City Attorney
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**