Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERICA BLUTH, an individual, and LAVORIA WILSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER BAEHR, and individual, and THE CITY OF RENO, a political subdivision of the State of Nevada.,<br><br>    Defendants. | Case No.: 3:25-cv-00129 MMD-CSD<br><br>**PLAINTIFFS' SECOND MOTION REGARDING DISCOVERY DISPUTE** |

COME NOW Plaintiffs Erica Bluth and Lavoria Wilson, pursuant to the Civil Standing Order of U.S. Magistrate Judge Denney and Federal Rules of Civil Procedure 26 and 37, move to compel Defendant City of Reno to produce unredacted versions of all records in its First Supplemental Disclosures, including the Internal Affairs Investigation Report, as ordered by this Court on May 28, 2025 (ECF No. 36).

Plaintiffs also request sanctions for the City's violation of the Court's Order by producing heavily redacted documents that obscure witness names and incident numbers, hindering identification of other victims of Defendant Tyler Baehr's conduct. Pursuant to the protective order (ECF No. 42), Plaintiffs will file the redacted report (COR 000001–COR 000135) separately under seal as an example of the City's improper redactions in its overall disclosure.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Unresolved Issue

On May 28, 2025, this Court ordered the City of Reno to produce the Internal Affairs Investigation Report by June 6, 2025 (ECF No. 36). In its First Supplemental Disclosures, dated June 6, 2025, attached hereto as Exhibit 1, the City provided its disclosures and marked several as confidential per the Protective Order, but it redacted critical information from the documents, including the report (COR 000001–COR 000135), Notice of Investigation (COR 000138–COR 000139), Notice of Interview (COR 000140–COR 000141), and Kincaid Memo (COR 000143–COR 000144), which obscure witness names and incident numbers.

These redactions violate the Court's May 28, 2025 Order and FRCP 26(a)(1)(A)(ii), rendering the documents useless for identifying other victims of Baehr's misconduct. During a meet and confer on June 7, 2025, the City cited Marcy's Law as justification but provided no specific legal basis for redaction.

### Violation of Court Order and Rule 26

The Court's May 28, 2025, order required production of the Internal Affairs Investigation Report without authorizing redactions. FRCP 26(a)(1)(A)(ii) mandates providing a copy of documents a party may use to support its claims or defenses, unless privileged. The City's production of redacted documents, obscuring critical information,

constitutes an evasive and incomplete disclosure, treated as a failure to disclose under Rule 37(a)(4). This violates the Court's order as the redactions prevent Plaintiffs from using the documents to support their failure-to-train claim and respond to the City's Motion to Dismiss.

**Unjustified Redactions**

The City redacted witness names and incident numbers from documents it disclosed on a confidential basis, without asserting privilege or providing a privilege log, as required by Rule 26(b)(5)(A). During the June 7, 2025, meet and confer, the City referenced Marcy's Law, but this law is inapplicable to federal discovery or this case, where to the Plaintiff's knowledge, no criminal charges involve non-Plaintiff victims. The Protective Order (ECF No. 42) safeguards confidential information, negating the need for redactions. Further, the Plaintiffs do not believe that the confidential designation of the Investigative Report is justified in light of the strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).

**Impact on Discovery and Pending Motions**

The redactions across multiple documents, including the 135-page Internal Affairs Investigation Report, render them nearly incomprehensible, blocking Plaintiffs' ability to investigate Baehr's misconduct and the City's policies.  The redactions of witness names and incident numbers hinder Plaintiffs' ability to defend against the City's Motion for Judgment on the Pleadings (ECF No. 16). These redactions obscure critical evidence needed to substantiate Plaintiffs' *Monell* claim, particularly the allegations of inadequate training and a pattern of misconduct by Defendant Tyler Baehr, which are central to countering the City's argument that no municipal policy or deliberate indifference exists (ECF No. 16 at 12-15). Without access to unredacted information Plaintiffs cannot fully

address the City's contention that Baehr's actions were an independent venture outside the scope of employment (ECF No. 16 at 4-5), which undermines Plaintiffs' ability to develop factual support through discovery, as urged in their Opposition.

**Sanctions for Non-Compliance**

FRCP 37(b)(2)(A) and (C) authorize sanctions for violating a discovery order, including prohibiting the City from using redacted documents to support defenses and ordering payment of attorneys' fees, unless the violation was substantially justified. Rule 37(c)(1) allows fees for evasive disclosures. The City's nondisclosure, despite the Court's Order, warrants sanctions, including reasonable expenses and attorneys' fees.  Pursuant to the protective order (ECF No. 42, Plaintiffs will file the redacted Internal Affairs Investigation Report (COR 000001–COR 000135) under seal as an example of the City's improper redactions for the Court's in camera review. Other redacted documents, such as the Notice of Investigation and Kincaid Memo, exhibits showing similar issues and are available upon request.

**Requested Resolution**

Plaintiffs request that the Court compel the City of Reno to produce unredacted versions of all records in its First Supplemental Disclosures, including the Internal Affairs Investigation Report, Notice of Investigation, Notice of Interview, and Kincaid Memo, by June 16, 2025, pursuant to Rule 37(a)(3)(A).

Plaintiffs further seek sanctions under Rule 37(b)(2)(A) and (C), prohibiting the City from using the documents to support its defenses and ordering payment of reasonable expenses, including attorneys' fees. Alternatively, the Court should order the City to provide a privilege log by June 16, 2025, per Rule 26(b)(5)(A), and produce unredacted versions of non-privileged portions. Plaintiffs urge expedited resolution to prevent further delay.

**Meet and Confer Certification**

On June 7, 2025, Plaintiffs' counsel Luke Busby and Lauren Gorman met with the City's counsel Peter Keegan. Plaintiffs argued that the redactions violated the Court's Order), emphasizing the need for unredacted documents to support their failure-to-train claim, identify witnesses, and respond to the City's Motion to Dismiss. The City refused to provide an unredacted production without a court order. The dispute remains unresolved.

Dated: Jun 11, 2025

By: /s/ Luke Busby, Esq.
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com
*Attorneys for the Plaintiffs*

Exhibit List

1.      City of Reno's First Supplemental Initial Disclosures

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true

and correct copy of the foregoing by:

_____ personally delivering;
_____ delivery via Reno/Carson Messenger Service;
_____ sending via Federal Express (or other overnight delivery service);
_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,
___x___   delivery via electronic means (fax, eflex, NEF, etc.) to:

> Peter K Keegan
> Reno City Attorney
> 1 East 1st Street
> Reno, NV 89510
> 775-220-1426
> Email: keeganp@reno.gov
>
> Tyler Baehr
> 9752 Pachuca Drive
> Reno, NV 89521

Jun 11, 2025

By:  /s/ Luke Busby, Esq._____

> Luke Busby, Esq.
> Nevada State Bar #10319
> 316 California Avenue
> Reno, Nevada 89509
> Phone (775) 453-0112
> luke@lukeandrewbusbyltd.com
> Attorney for the Plaintiff