1 KARL S. HALL
Reno City Attorney
2 PETER K. KEEGAN
Deputy City Attorney
3 Nevada State Bar No. 12237
Post Office Box 1900
4 Reno, Nevada 89505
(775) 334-2050
5 *Attorneys for the City of Reno*
6

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11

12 ERICA BLUTH, an individual, and  |  CASE NO.: 3:25-cv-00129-ART-CSD
LAVORIA WILSON, an individual,
13
 **OPPOSITION TO PLAINTIFFS'**
14        Plaintiff,   |  **SECOND MOTION REGARDING**
  vs.                  |  **DISCOVERY DISPUTE**
15
TYLER BAEHR, and individual, and THE
16 CITY OF RENO, a political subdivision of
the State of Nevada,
17
       Defendants.
18

19

20    The City of Reno ("the City"), by and through its attorneys, Reno City Attorney Karl S.

21 Hall and Deputy City Attorney Peter Keegan, hereby submit the instant Opposition to Plaintiffs'

22 Second Motion Regarding Discovery Dispute (ECF No. 45).

23              **OPPOSITION POINTS AND AUTHORITIES**

24 **I.    The City Redacted the Identifies of Additional Potential Victims To Protect Their
        Confidentiality Interests As Required by Nevada's Constitution Article I Section 8A.**
25
    Nevada's Victims' Bill of Rights, a.k.a. Marcy's Law, was enshrined in the Nevada
26
Constitution effective November 27, 2018.[1] Article 1 Section 8A(1)(d) of Nevada's Constitution
27

28
---
[1] NV. Const. art. I § 8A, https://www.leg.state.nv.us/const/nvconst.html#Art1Sec8A (last visited June 13, 2025).

states that "[e]ach person who is the victim of a crime is entitled to the following rights: To prevent the disclosure of confidential information or records to the defendant which could be used to locate or harass the victim or the victim's family."[2] Section 2 of Nevada's Victims' Bill of Rights states in pertinent part that "[a] victim has standing to assert the rights enumerated in this section in any court with jurisdiction over the case. The court shall promptly rule on the victim's request. A defendant does not have standing to assert the rights of his or her victim."[3]

Here, counsel for the City redacted Internal Affairs Report, ADI 2024-00011 to remove the identified and unidentified subjects' names, as well as the Reno Police Department ("RPD") case numbers and call log numbers attributable to these subjects' encounters with Defendant Baehr. Nevada's Victims' Bill of Rights defines "victim" as "any person directly and proximately harmed by the commission of a criminal offense under any law of this State."[4]

The redacted names and identities of these subjects are entitled to the confidentiality protections set forth in Nevada's Victim's Bill of Rights because Defendant Baehr has been criminal charged federally[5] and may face similar Nevada state criminal charges. Disclosure of unredacted versions of all records in the City's First Supplemental Disclosure as requested by Plaintiffs would result in Defendant Baehr obtaining the subject victims' identities in contravention of Nevada's Victims' Bill of Rights. Furthermore, as these potential victims are not parties to this matter but have standing to raise their constitutionally protected right to remain confidential, Plaintiffs' counsels are not entitled to their identities nor is the City at liberty to disclose them.

**II.     Plaintiffs' and Victims' Rights Should Be Preserved by a Stay.**

The aforementioned confidentiality rights of these potential victims further demonstrate why this Court should grant the City's Motion for Stay (ECF No. 22) until the completion of the

---

[2] NV. Const. art. I, § 8A(1)(d).
[3] NV. Const. art. I, § 8A(2).
[4] NV. Const. art. I, § 8A(7).
[5] The City requests that the Court take judicial notice of the publicly available docket in Case No. 3:25-CR-00002-MMD-CSD. *Van Snowden v. Cazares*, 2015 WL 12859715, at *1, n. 2 (C.D. Cal. Dec. 15, 2015) (internal citations omitted) (taking judicial notice of court records of a criminal case before the same court, including the fact that a federal indictment was filed in the criminal case).

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

Baehr's criminal case. Not only will Plaintiffs still be able to pursue their claims, but the potential additional victims' confidentiality rights will be preserved.

Plaintiffs contend that the City's redactions "obscure critical evidence" needed to substantial their *Monell* claim and are "central to countering the City's argument that no municipal policy or deliberate indifference exists."[6] However, Plaintiffs fail to explain the insufficiency of the existing evidence contained in Internal Affairs Report, ADI 2024-00011 to support their claims, "particularly the allegations of inadequate training and a pattern of misconduct by Defendant Tyler Baehr."[7] In essence, Plaintiffs contend their desire to expand the scope of their case trumps the constitutional rights of others to keep their identities confidential.

### III. City's Requested Resolution

The City requests this Court to deny Plaintiff's Second Motion Regarding Discovery Dispute and Plaintiffs' request for sanctions. Contrary to Plaintiff's contention, the City's redactions did not violate this Court's Minute Order (ECF No. 36), which did not preclude redaction of the internal affairs report[8] nor did Plaintiffs' counsels request an unredacted copy of Internal Affairs Report, ADI 2024-00011 in their first Motion Regarding Discovery Dispute.[9]

Similarly, Plaintiffs' assertion that a privilege log was required pursuant to Fed. Rule. Civ. P. 26(b)(5)(A) is inaccurate for two reasons. First, the confidentiality privileges under Nevada's Victims' Bill of Rights render the identities of the potential victims undiscoverable because only the victims themselves have standing to raise or waive the privilege.[10] Second, creation of a privilege log by the City is improper because any information contained therein would likely defeat the confidentiality protections under Nevada's Victims' Bill of Rights.

### IV. Certification of Meet and Confer Efforts

The undersigned certifies that on June 7, 2025, at 2:00 p.m., a videoconference meet and confer was held between Plaintiffs' counsels, Luke Busby and Lauren Gorman, and the City's

---

[6] (ECF No. 45 at 3:23-28).
[7] *Id*.
[8] *See* (ECF No. 36 at 2).
[9] *See generally* (ECF No. 17 at 3:15-23).
[10] NV. Const. art. I, § 8A(2).

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

counsel, Peter Keegan. During the meet and confer, counsel for the City informed the Plaintiffs' counsels that it redacted the subject names, Reno Police Department ("RPD") case numbers, and call log numbers within RPD Internal Affairs Report, ADI 2024-00011. Counsel for the City explained the basis of the redactions were to protect the privacy interests of victims pursuant to Marcy's Law, which has been enshrined in Nevada's Constitution as the Victims' Bill of Rights in Article I Section 8A.

DATED this 13th day of June 2025.

                    KARL S. HALL
                    Reno City Attorney

By: */s/ Peter Keegan*
     PETER K. KEEGAN
     Deputy City Attorney
     Nevada State Bar No. 12237
     Post Office Box 1900
     Reno, Nevada 89505
     *Attorneys for the City of Reno*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this day, I served a copy of on the **Opposition to Plaintiffs' Second Motion Regarding Discovery Dispute** on the party(s) set forth below by:

  X      CMECF electronic service.

Electronically addressed as follows:

| Luke Busby, Esq. | Lauren Gorman, Esq. |
| 316 California Ave. | 275 Hill Street, Ste 248 |
| Reno, NV 89509 | Reno, NV 89501 |
| luke@lukeandrewbusbyltd.com | lgorman@laurengormanlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

  X      Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices, and addressed as follows:

Tyler Michael Baehr
9752 Pachuca Drive
Reno, NV 89521
In Propria Persona

DATED this 13th day of June 2025.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Peter Keegan
　　　　　　　　　　　　　　　　　　　　　　Peter Keegan
　　　　　　　　　　　　　　　　　　　　　　Deputy City Attorney